SUSANNAH BAMFORD, Appellant, v. JAMES BAM-FORD, Sr., JAMES BAMFORD, Jr., and G. W. McBRIDE, Respondents.

DECREE DOES NOT CONFER LEGAL OR EQUITABLE RIGHT TO PROPERTY, WHEN.— In a suit for a divorce, where the complaint contains no allegations concerning property and the decree contains nothing on the subject, the party at whose prayer the decree is granted does not acquire either a legal or equitable right to the property of the adverse party by the decree.

JUDGMENT ROLL SHOULD CONTAIN A DESCRIPTION.—When real property is transferred from one party to another by a decree granting a divorce, the judgment-roll should contain a description of the land transferred.

INVESTIGATION MUST BE HAD IN THE SAME SUIT.—Although a Court may first pass upon the question of granting or denying the divorce and after-wards investigate and determine the issues concerning property, the subsequent investigation must be had in the same suit.

FINAL DECREE CANNOT BE DISTURBED.—The decree of divorce having become final cannot be disturbed, unless by a suit in the nature of a bill of review. Where one seeks to open a judgment or decree, it should be shown that the party applying is without fault, or that the fault is excus-able. It is not a sufficient excuse that the defendant had executed a fraudulent conveyance to a third party before the suit for divorce was begun. The statement of an opinion or conclusion is not sufficient.

AMENDING PLEADINGS.—Discretion in regard to amending pleadings is in the Circuit Court.

APPEAL from Linn County.

The plaintiff having previously obtained a decree of divorce brings this suit to obtain from her former husband, James Bamford, Sr., and his assigns, certain real and per-sonal property. The suit for the divorce was commenced by her in 1869, and in March of that year a divorce was decreed in her favor. It does not appear that the complaint in the divorce suit contained any allegations in regard to

property, and the decree there rendered does not refer to that subject.

The plaintiff now charges that in January, 1868, her then husband, James Bamford, Sr., owned certain parcels of land which she describes, and certain personal property of the value of $1430, described in the complaint, and that, knowing that this plaintiff contemplated suing for a divorce for cause then existing, James Bamford, Sr., without consideration, and for the purpose of fraudulently preventing her from obtaining a share of said property by such suit, transferred the property to the defendant, James Bamford, Jr., his son by a former wife. That the said property was thus taken by said Bamford, Jr., in trust for said Bamford, Sr., for the fraudulent purpose aforesaid. That on October 2, 1869, said Bamford, Jr., conveyed said property to the defendant, G. W. McBride, the said McBride having notice of the nature and purpose of the former conveyance. That all said property was acquired by the joint labor of the said Bamford, Sr., and this plaintiff during their marriage. That no provision has been made for her, nor for her four children, the issue of said marriage. That at the time of commencing and prosecuting the said suit for a divorce, "the situation of said property was such that she could not successfully claim and enforce her rights to a share of it in said suit."

It was shown in evidence on the trial, although not specifically alleged in the complaint, that the consideration for the transfer from Bamford, Jr., to McBride was five promissory notes payable to Bamford, Sr., four of them for $450 each, being payable in seven, nine, eleven and thirteen years respectively, and one of them for $900, payable in seventeen years, the notes being secured by a mortgage on the premises; and that Bamford, Sr., is still in possession of the said parcels of land.

The appellant asked a decree setting aside the transfers above named as fraudulent; that a partition of said lands be decreed, giving her one-third thereof, and for a decree against Bamford, Sr., for her support.

The Court below denied the relief prayed for.

*F. A. Chenoweth,* for Appellant.

It is never necessary, and not always proper, to settle alimony at the time the divorce is decreed. (2 Bish. on Marr. and Div., §§ 497 and 490, and note 4, § 487.) Appellant was prevented by the fraudulent conduct of respondents from procuring alimony at the time the divorce was decreed, and she ought not lose thereby her right to such alimony. (2 Bright. Hus. and W. 360; 2 Story Eq. Jur. 14; 6 Johns. Ch. R. 25.)

When the divorce was granted appellant had (Civ. Code, § 495) a title in and to one-third of the land of respondent Bamford, Sr., and there could be no discretion in the Court as to this third, nor as to the personal property of such respondent, so long as it was covered up. (2 Bish. on Marr. and Div., §§ 514, 524.)

Courts of equity will entertain original jurisdiction in suits for alimony after the divorce suit has terminated. (2 Barb. 377; 2 Bish. on Marr. and Div., §§ 357, 358, 359, 381, 382, 350, 737, 738; 2 B. Monroe, 142; *Galland* v. *Galland,* Law Reg. Aug. 1870.)

The facts stated are sufficient to entitle the plaintiff to a review and modification of the decree in the divorce suit. (Civ. Code, § 377.)

The prayer for general relief is sufficient. If the complaint was defective, the objection should have been made before the issues of fact were made up. (33 Barb. 238; 6 Barb. 557.)

*W. Lair Hill,* for Respondents.

1. So far as the plaintiff seeks relief in the nature of a decree of alimony, the relief sought is merely incidental or collateral to a subsisting relation of husband and wife, or a proceeding to dissolve that relation, and was wholly within the jurisdiction of the Court in the divorce suit. (Civ. Code, §§ 496, 497; Bish. Marr. and Div., § 350 *et seq.*)

So, also, might that Court have investigated the conveyances of property, claimed in this suit to have been fraudulent; because such an investigation would have been a

necessary step in the inquiry concerning the faculties of the husband, which must precede the decree of alimony. And since the Court had jurisdiction in the whole matter, it had power to bring before it all parties necessary to a final determination of all the questions involved. (Civ. Code, § 380; Story Eq. Pl., § 72 et seq.)

It is difficult to perceive, upon principle, why a suit for divorce should be an exception to this rule; and we have been unable to find any decision of a case denying its application to such suits. Courts of equity do not administer justice by halves.

2. If the appellant has any title to the land in controversy, she acquired it by virtue of the peculiar statute of this State, and it is a legal title (Civ. Code, § 495, as amended in 1855), and the appellant had a plain, speedy, and adequate remedy at law; for she could bring ejectment for her undivided share. (Civ. Code, § 313; Carpentier v. Webster, 27 Cal. 524.)

And in her action of ejectment she could attack the alleged fraudulent conveyances. (Jackson ex dem. Van Buren, 18 Johns. 425; Chautauque County Bank v. Risley, 19 N. Y. 369; Dallam v. Renshaw, 26 Mo. 533; Picker v. Ham et al., 14 Mass. 137.)

3. Nor can this suit be maintained as a suit to remove a cloud from appellant's title; for such suit cannot be maintained except by a person in possession. (Civ. Code, § 500; Meade v. Black, 22 Wisc. 241.)

And for the same reason the case must fall, as to the prayer for partition. (Civ. Code, § 419.)

4. But passing over all these jurisdictional objections, there is no cause of suit stated in the complaint. At the time of the conveyances by Bamford, Sr., appellant had no legal or equitable interest in the premises, except her inchoate right of dower, which was not in any way affected by the transaction. And there is no allegation that the grantee, or even the grantor, had any knowledge that she contemplated proceeding to obtain a divorce. The mere general allegation that the transaction was fraudulent, without specifying the particular circumstances making it fraud-

ulent, was no sufficient charge of fraud. (*Butler* v. *Viele*, 44 Barb. 166.)

And even this general charge, the referee finds, is not proved. So that even if the judge of the Court below had not found that the complaint did not state facts sufficient to constitute a cause of suit, the decree must nevertheless have been the same; for there was a trial upon the issues of fact, and the report of the referee. (which is the same in this respect as a verdict—Civ. Code, § 226) shows that there was no proof of fraud; and it is well settled that mere want of consideration is not a sufficient ground for setting aside a *bona fide* conveyance. (*Beale* v. *Warren et al.*, 2 Gray, 447.)

Upon either of these grounds, the suit might properly have been dismissed.

By the Court, UPTON, J.:

The principal questions presented in this case arise from the omission of the plaintiff to present the facts in the suit for divorce and to ask in that suit for the relief now demanded.

Section 495 of the Code, as amended in 1865, is as follows:

"Whenever a marriage shall be declared void or dissolved, the party at whose prayer such decree shall be made shall, in all such cases, be entitled to the one undivided one-third part in his or her individual right in fee, of the whole of the real estate owned by the other at the time of such decree, in addition to the further decree for maintenance provided for in § 497 of this Act; and it shall be the duty of the Court in all such cases to enter a decree in accordance with this provision."

The provision is comparatively new, and has not previously been before this Court for construction. It is claimed by the appellant, that the last clause of this section may be complied with, in any case, whether the complaint states facts in regard to property or not, by inserting in the decree a clause, general in its character, to the effect that the prevailing party is entitled to one undivided third part of the real property owned by the other at the time of

the decree.   That it is, therefore, no longer necessary to state in the complaint what lands the defendant owns, or that the defendant owns real estate, the Court being in duty bound to insert such clause in regard to real property in every decree by which "a marriage is dissolved or declared void."   And that, since equity will treat that as done which ought to have been done, upon the rendition of the decree the party at whose prayer it is granted becomes entitled if not in law at least in equity to one-third the real property of the wrongdoer.

I cannot think this was the intention of the Legislature, and I am unable to agree with the plaintiff's counsel in his attempt to deduce that conclusion from the last clause of the section.   If that clause had been omitted the construction contended for would be less difficult to maintain.   I think this provision as to the duty of the Court, was intended to prevent such construction, and was added for the purpose of preventing uncertainty and inconvenience to the public which would be likely to result from a mode of adjudication that would leave such indefiniteness in a record affecting the title to real property.   If it was the design that granting a decree of divorce should, in every case, have the effect to transfer one-third the real estate of the party in fault, without specifying particular parcels, there would be no necessity for requiring the Court to enter anything in the decree on that subject.   The desired result would be produced by the law and not by the formal words entered in the decree.   If that is the construction, the last provision may be stricken out without altering the effect of the statute.   In an ordinary action, a party becomes "entitled," and it is "the duty of the Court in all such cases to enter" a judgment for the relief to which the party becomes entitled.   But if the party permits a judgment, which does not afford all the relief he was entitled to claim in the action, to become final, the party suffers by the omission; and a Court can only grant such relief as is warranted by the facts stated in the pleadings.   Since in a divorce suit the Court is required to enter a decree for the property, it does not seem consistent to

hold that a party obtains property by the suit that is not mentioned in the decree.

The statute, before the amendment, did not provide for transferring real property by means of the decree, to the prevailing party, *in fee;* and it seems to be the leading object of the amendment to provide for making such transfer. As the decree is to have the effect to transfer real estate from one person to another, and is to be one of the muniments of title from its entry, it seems entirely reasonable that it, or the judgment-roll, of which it forms a part, should contain a description of the land thus transferred. And this is necessary if we would make the record in this class of cases analogous to records made in other suits affecting the title to real estate. I cannot doubt but that it was the intention of the Legislature, in making it the duty of the Court "to enter a decree in accordance with this provision," to require as great degree of certainty to be expressed in the record in regard to the particular parcels of property thus transferred as is required in ordinary conveyances. The object of the section as amended is to enable a party to obtain certain rights through the medium of a Court.

To enable the Court to act judicially on the subject of property, it must appear in the complaint that the party has property; otherwise, there being nothing alleged, there is nothing to determine in respect to property, and nothing before the Court upon which to base a decree in this particular. If nothing is stated concerning property, or if, as is frequently the case, for the purpose of affecting the subject of custody of children, it is alleged in the complaint that the defendant has no property (it being in fact true), it can hardly be deemed a case within this section. Certainly, in the latter case, the construction contended for would require the Court to decree concerning that which does not exist, in contravention of the maxim, that the law does not require a vain thing.

If these views are correct, the plaintiff has not acquired either a legal or equitable right to the property by the decree of divorce.

The authorities cited to show that alimony is not always settled at the time the divorce is decreed, do not go to the extent that is claimed in this case. None of them go further than that the Court may first pass upon the question of granting or denying the divorce, and afterwards, *in the same suit,* investigate and determine the issues concerning property. The present proceeding must be treated as an original suit; the decree in the suit for divorce having become final, cannot be disturbed, nor can any further proceedings be had in that suit, unless by a suit in the nature of a bill of review. The facts stated in this complaint do not authorize the Court to review that decree. It is not shown that the alleged fraud has been discovered since the trial of the divorce suit, nor that the plaintiff has discovered proof since that time. The plaintiff should have shown some sufficient excuse for not claiming the property at that time. When one seeks to open a judgment or decree, it should be shown by a statement of facts that the party applying is without fault, or that the neglect is excusable.

The statement that "the situation of the said property was such that she could not successfully claim or enforce her rights to a share of it in said suit," is relied upon in this particular, and more especially inasmuch as the defendant filed an answer without objecting to the form of the allegation in the complaint. But this statement contains no allegation of fact. There is nothing in it upon which the defendant could, by his denial, present an issue of fact. If the situation of the property is shown, it is shown by other allegations of the complaint and not by this. This simply states the opinion or conclusion that the facts could not be set up in the divorce suit. In other words, it is an attempt to state the law, and I think it states the law incorrectly. As between the plaintiff and her husband, she had a right in her complaint to make an exhibit of her husband's pecuniary condition in order to lay the foundation for obtaining alimony. And if that proceeding raised issues that could not be determined "without prejudice to the rights of others," by § 40 of the Code the Court had power to "cause them to be brought in." And by §§ 242 and 397: "In an

action [or suit] against several defendants the Court may
in its discretion render judgment [or decree] against one
or more of them, whenever a several judgment [or decree]
is proper, leaving the action [or suit] to proceed against
the others."

It necessarily follows either that the wife may proceed
against the husband *alone,* in the divorce suit to obtain ali-
mony, on the ground that those who have purchased are
not necessary parties, or that she may compel them to ap-
pear in that Court to defend. If it be true that their claim
to the land is fraudulent and void she would have been
entitled, if successful in her suit for divorce, to obtain a
share of the land and to have it decreed to her in the di-
vorce suit. If she believed their claims void she had a
right to proceed against the husband, treating the land as
his property, and if issue was taken on the point whether
or not it is the husband's property, no reason can be per-
ceived why that issue may not be tried in a suit for divorce.
The question whether third parties claiming as purchasers
are necessary parties is not important in this connection.
It is sufficient that, if they are necessary parties, they may
be joined.

It appears from the transcript that the questions of fact
relating to the rights of the parties were investigated on the
trial of this cause in the Circuit Court, and it is claimed
that defects in the pleadings should be disregarded as not
affecting substantial rights. I am of opinion that the
defect is such as cannot be disregarded under that rule,
and that the complaint cannot be sustained without amend-
ment. The power to permit amendments to pleadings is
deemed a discretionary power vested in the Circuit Court.
It does not appear that leave to amend has been applied
for in the Circuit Court, and it certainly would not be in
harmony with the spirit of our system of jurisprudence
for this Court to retry the cause upon issues that have never
been presented in the Circuit Court.

This Court is clearly of opinion that the facts set forth
in the complaint are not sufficient to enable the Court to
pass finally upon the merits of the case sought to be pre-

sented, and that it is not within the province of this Court, upon an application originating here, to permit such amendments as would bring the merits of the case before us for adjudication. It is also thought by a majority of the Court that the contrariety of opinion that has prevailed as to the construction and effect of § 495 of the Code as amended, to some extent excuses failure to apply before trial in the Circuit Court for leave to amend; and since the dismissal of this suit on the ground that the complaint does not state sufficient facts, would leave the real controversy undetermined, and probably open to another proceeding, it is deemed proper, under the peculiar circumstances of the case, to direct the case to be remanded to the Circuit Court for further proceedings, in order that the appellant may apply to the discretion of that Court for leave to amend her complaint.