T. F. GARVER AND T. L. BOND, *late Partners*, v. MARY A. GRAHAM.

**No. 237.**

LIS PENDENS—*answer in divorce proceedings describing lands, is.* Where the defendant in an action for divorce brought by her husband filed an answer and cross-petition denying the grounds alleged by the plaintiff, setting up grounds for a divorce in her favor, that she was the owner of certain lands, describing them, and that her husband was the owner of certain other real estate and personal property, describing it, and praying that a divorce be granted her, that the real estate then in the name of her husband, described in her answer, might be decreed to her, that alimony be granted, and that all the property both personal and real be appropriated to satisfy the decree, *held*, that such answer and cross-petition brought the property described within the jurisdiction of the court, and that a person subsequently taking a mortgage thereon from the husband only, is bound by the judgment and decree thereinafter rendered.

Error from Lincoln District Court. Hon. W. G. Eastland, Judge. Opinion filed December 23, 1897. *Affirmed.*

This is an action to foreclose a real-estate mortgage given by W. I. Graham. Graham had sued his wife, defendant in error, for a divorce. She, in her answer, asked a divorce and that the land in question, describing it, be given her. After her pleading making this

demand was filed, the mortgage in question was given by her husband, in whose name the land stood. In the divorce proceedings she was awarded the land. The question in this case is, Was the pendency of these divorce proceedings notice of her interest in the land ?

*Garver & Larimer* and *Bond & Osborn*, for plaintiffs in error.

*C. B. Daughters*, for defendant in error.

WELLS, J.   Section 81 of the Code provides :

"When the petition has been filed, the action is pending, so as to charge third persons with notice of its pendency, and while pending no interest can be acquired by third persons in the subject-matter thereof as against the plaintiff's title," etc.

Judge Story says :

"A purchase made of property actually in litigation, *pendente lite*, for a valuable consideration and without any express or implied notice in point of fact, affects the purchaser in the same manner as if he had such notice, and he will accordingly be bound by the judgment or decree in the suit." 1 Story's Equity Jurispudence, § 405.

Did the cross-petition of Mary A. Graham give such notice of her claim to the land as to prevent the plaintiffs in error from acquiring a lien thereon in opposition to the judgment thereafter rendered in the divorce case? She alleged in her cross-petition that she was the owner of this land, describing it, and that she caused a farm worth four thousand dollars to bo deeded to her husband for his and her own benefit. She asked that it be decreed to her ; that she be granted alimony, and that all the property, both personal and real, be appropriated to satisfy such decree. Although the pleading is not a model of clearness and

346 GARVER v. GRAHAM.

N. Dept.        Opinion.   Wells, J.       6 Kan. App.

perspicuity, we think it was sufficient to give notice that she claimed the land, and to bind the plaintiffs in error.

In *Wilkinson v. Elliott* (43 Kan. 594), the court says : "If a divorce is asked on account of the fault of the husband, the wife may ask not only that all her own land may be restored to her that has not been disposed of, but may describe particular property belonging to the husband, and ask that the same may be set apart for her as permanent alimony. When this is done, the property is made the subject-matter of litigation and is brought within the jurisdiction of the court, and any one who purchases the same should be bound by the judgment or decree thereafter rendered."

In the case at bar, the defendant in error described the land and asked, either that it be decreed to be hers because it belonged to her while the legal title was in her husband's name, or that it be given her as alimony. The court decreed the land to her, upon which ground is immaterial.

The judgment of the court will be affirmed.