Argued April 15; affirmed June 10, 1947

# BRUST *v.* BRUST

(181 P. (2d) 632)

*Robert G. Clostermann,* of Portland, for appellant.

*Paul E. Geddes,* of Roseburg (with Carl M. Felker, of Roseburg, on brief), for respondents.

Before ROSSMAN, Chief Justice, and LUSK, BELT, BAILEY and WINSLOW, Justices.

BAILEY, J.

This is a suit for divorce brought by Helene Brust against Emil Brust. The complaint alleges that plaintiff and defendant were married in Berlin, Germany, on the 20th day of May, 1922; that one child, now of legal age, was born to them as the issue of said marriage; and that "the defendant has treated the plaintiff in a cruel and inhuman manner and by personal indignities has rendered the life of the plaintiff with the defendant burdensome and unbearable." Some of these acts are alleged to be as follows: That during the past few years defendant has lost all love and affection for the plaintiff and "has permitted women visitors to his sleeping quarters" in their home; that prior to the separation of plaintiff and defendant, and while they were still living in the same household, defendant would stay out "until the early hours of the morning" and would not tell the plaintiff where he had been or what he had been doing; that on his return home defendant "without any cause or provocation created noises and disturbances to the extent of disturbing the patients in the nursing home" maintained and operated by the plaintiff; that defendant would become "exceedingly angry at the plaintiff when she remonstrated with him over said actions"; that the defendant had "had many opportunities to work at gainful employment" but had refused to do so until recently, and had "consistently remarked to the plaintiff that he preferred to accept relief rather than to work"; that defendant had without any cause or provocation frequently accused the plain-

tiff of being insane; and that he had falsely filed insanity charges against her. The only specific relief prayed for by plaintiff is for a decree of divorce.

Defendant after filing an answer asked, and was granted, permission to withdraw it and to file a new one. On his motion, by order of court, Helene Margarete Erika Graham, Warren Graham, her husband, Myrtle B. Herbison, L. R. Mynatt and Mary E. Mynatt, his wife, were made parties defendant for the purpose of determining the interest of plaintiff and defendant Brust in and to a tract of land in Roseburg, Oregon, title to which was in the name of Mrs. Graham. In his new answer defendant Brust, after denying the charges of cruel and inhuman treatment against him, alleges that certain described personal property consisting of household furniture and furnishings was owned jointly by him and plaintiff. He further alleges that he and plaintiff, as husband and wife, on March 31, 1938, had purchased a tract of land in Roseburg known as 508 Fowler street "by taking an assignment on said date from Myrtle B. Herbison of her certain contract with L. R. Mynatt and Mary E. Mynatt, his wife, dated January 4th, 1938"; that the plaintiff had, for the purpose of defrauding and cheating him, caused the assignment of such contract from Myrtle B. Herbison and a deed from L. R. Mynatt and wife for the Fowler street property to be made out to their daughter, defendant Helene Margarete Erika Graham. The prayer of the answer asks for a decree dismissing plaintiff's suit and declaring Helene Margarete Erika Graham to be trustee for him and plaintiff of the real property described in the answer.

Plaintiff and defendants Graham filed separate replies in which they deny the affirmative matter set

forth in defendant Brust's answer and as a further and separate reply thereto allege that in the year 1938 plaintiff and defendant Brust agreed that plaintiff would purchase the real property here involved; that such purchase should be made in the name of their daughter Helene Margarete Erika Brust and should be a gift to her; that the plaintiff should operate a nursing home on said premises and that the daughter Helene should aid and assist her; "that said real property would be purchased by the plaintiff in the name of said daughter as a gift to her and in consideration of such work and effort as she might expend in assisting the plaintiff in said business"; and that "the full and complete purchase price of said property was paid by the plaintiff from her own individual and separate funds with such assistance as was given to the plaintiff by said minor daughter in the operation of said nursing home for which said minor daughter was not otherwise compensated." No appearance was made by the other defendants.

Based upon findings of fact and conclusions of law the court entered a decree granting to plaintiff a divorce from defendant Emil Brust and declaring defendant Helene Margarete Erika Graham to be the sole owner in fee simple of the real property here involved, subject to the inchoate curtesy right of her husband. The decree further denied defendant Emil Brust "any relief whatsoever". From this decree defendant Emil Brust has appealed.

■■ It was proper in this proceeding for the court to make the Grahams parties defendant in order to determine whether Mrs. Graham held title to the real property as trustee for plaintiff and defendant Brust. *Bamford v. Bamford,* 4 Or. 30; *Wetmore v. Wetmore,*

5 Or. 469; 17 Am. Jur., Divorce and Separation, 293, § 277; Anno., 102 A. L. R. 814. Rights to real property can be litigated in a divorce proceeding as an incident to the dissolution of the marriage. *Gooden v. Gooden,* —— Or. —— 176 P. (2d) 634.

■ There appears to have been no justification for making Myrtle B. Herbison, L. R. Mynatt and Mary E. Mynatt, his wife, parties defendant for the reason that they had no interest, nor did they claim any interest, in said real property at the time of the institution of this suit. On January 4, 1938, L. R. Mynatt and Mary E. Mynatt, his wife, entered into a written contract with Myrtle B. Herbison to sell to her the real property here involved for the sum of $1,700. This contract was recorded on the 12th day of that month in the deed records of Douglas county, Oregon. On March 31, 1938, Myrtle B. Herbison sold, assigned and transferred her interest in and to the contract, and the real property therein described, to Helene Margarete Erika Brust, which assignment was recorded on the same day in the deed records of Douglas county. Thereafter and on the 14th day of July, 1943, L. R. Mynatt and Mary E. Mynatt, his wife, by warranty deed, conveyed said real property to Helene Margarete Erika Brust, which deed was on the following day recorded in the deed records of Douglas county. Helene Margarete Erika Brust, prior to the institution of this suit, was married to defendant Warren Graham.

Helene Brust and Emil Brust were married in Germany in 1922. He was 47 and she 32 years of age. He had been previously married and had three children by that marriage, two sons and one daughter. Their daughter, Helene, was born in Germany on March 15, 1926. Some time in 1930 plaintiff and defendant Brust

and their daughter, Helene, came to America and in 1934 moved to Douglas county where they lived on a farm for more than a year. In 1936 they went to Roseburg where Mrs. Brust did nursing and he was employed for several years on projects under the Works Progress Administration. At first he was paid $54 a month for two weeks' work; later his pay was reduced to $40. About the year 1940, after Mr. Brust reached the age of 65, he applied for and received $30 a month for old age assistance and thereafter, and until the latter part of 1942, refused to work at any gainful occupation. Out of this amount he was expected to pay his wife $25 a month toward his living expenses but actually he paid only about half that amount. In the first part of December, 1942, he went to Portland and got a job at a shipyard where he was still working at the time of the trial of this suit, April 25, 1946. After he had been there about three months he sent his wife $20 which his daughter, at the request of her mother, returned to him by letter in which she stated that her mother "doesn't think you have enough and so she doesn't want you to" incur indebtedness at the hotel. From that time on Mr. Brust did not send, or offer to send, any more money to his wife.

■ In 1938, when Myrtle B. Herbison assigned her contract for the purchase of the Fowler street property to their daughter, plaintiff and defendant established their residence there. Mrs. Brust converted the house into a home for convalescents where she cared for as many as eleven patients at one time. While she was thus engaged her husband often came home late at night and created disturbances which would awaken the patients and delay their recovery.

In 1941 or 1942 a garage was built on the property to provide sleeping quarters for Mr. Brust. It was

there in the early part of the year 1942 that he was surreptitiously visited several times at night by another woman. When he was accused by his wife of improper relations with this woman he filed notice and petition with the county judge of Douglas county charging his wife with being ''a mentally diseased person'' and requesting that inquiry be made as to her mental condition. The physicians appointed by the county court to examine her certified that she was not mentally diseased. Their testimony in the instant case supports the trial court's conclusion that defendant Brust had no just cause for charging her with being mentally diseased. In addition to the written charges filed by defendant there is evidence that he told the patients that plaintiff was insane and could not take care of them.

The trial court found, and we think correctly, that the defendant ''without any cause or justification whatsoever, and without any justifiable excuse and for the purpose of harming and embarrassing the plaintiff and making her life miserable, did, in the year 1942, file an insanity petition against'' her and ''did falsely accuse her of being insane and did cause her to be taken into custody and be subjected to a mental examination.'' The trial court further found that the defendant also on different occasions ''attempted to cause some of the patients of said nursing home to leave the same by telling them that the plaintiff was crazy''.

This unsuccessful charge of insanity, with its attendant publicity, in our opinion is cruel and inhuman treatment and is, especially when coupled with other indignities hereinbefore referred to, sufficient ground for divorce. 27 C. J. S., Divorce, 558, § 28; 17 Am. Jur.,

Divorce and Separation, 184, § 67; *Michels v. Michels,* 120 Me. 395, 115 A. 161, 18 A. L. R. 570, Anno., 572; *Smith v. Smith,* 146 Or. 600, 31 P. (2d) 168. And no error was committed by the circuit court in granting a decree of divorce to plaintiff.

■ Most of the purchase price for the Fowler street property was paid for with money which Mrs. Brust earned in the operation of the convalescent home. The initial payment for the assignment of the contract was about $145, and this money was realized from the sale of a cow and some chickens owned by the Brusts.

Mr. Brust testified that he did not know that the contract of purchase had been assigned to their daughter Helene or that it was being purchased in her name. There was introduced in evidence a receipt book containing the receipts for monthly payments from September 21, 1940, to July 14, 1943. Those from September 21, 1940, to November 22, 1942,—shortly before Mr. Brust went to Portland—were made out in the handwriting of Mr. Brust himself and signed by Mr. Mynatt, either personally or by his agent, and recited that the payments were received from Helene Ericka Brust. The money with which to make these payments was earned by Mrs. Brust. Mr. Mynatt testified that Mr. Brust told him shortly after the assignment of the contract of purchase from Myrtle B. Herbison that they were purchasing this property for their daughter Helene, and that he repeated the statement some time later. In addition to the actual knowledge which Mr. Brust had that the property was being purchased in the name of their daughter, he had constructive knowledge thereof due to the fact that the assignment of the contract to her had been recorded.

Defendant Brust has failed to establish that he has any interest in the Fowler street real property or in the household furniture and furnishings. We have carefully considered the entire record and are of the opinion that the circuit court correctly decided the issues before it. No good purpose would be served by further discussing the evidence.

The decree appealed from is affirmed.