Argued and submitted March 11, Court of Appeals affirmed, remanded to trial court
for entry of decree consistent with this decision September 3, 1986

HOYT,
*Respondent on review,*

*v.*

AMERICAN TRADERS, INC.,
*Petitioner on review.*

(TC 84-1701-NJ-2, CA A33635, SC S32398)

725 P2d 336

A. E. Piazza, Medford, argued the cause and submitted the brief for respondent on review.

Richard A. Stark, Medford, argued the cause for petitioner on review. With him on the brief was Stark and Hammack, Medford.

Before Peterson, Chief Justice, Lent, Linde, Campbell, Carson & Jones, Justices.

PETERSON, C. J.

## PETERSON, C. J.

The question is whether the filing of a petition for dissolution that contains the description of real property owned by the parties as tenants by the entirety gives *lis pendens* notice, under ORS 93.740, to subsequent purchasers and incumbrancers, thus creating priority of interest. The answer involves the application of the *lis pendens* statute, ORS 93.740 and the dissolution statutes, ORS 107.105 and 107.115.

The plaintiff (whom we shall call the wife) filed a petition for dissolution of the marriage and requested that the real property at issue, which was specifically described in her petition, be awarded to her as her sole and separate property. The complaint was filed on March 20, 1980. At and before that time, the wife and her husband owned the real property as tenants by the entirety.

■   On April 26, 1980, the husband was served with a complaint in which the defendant herein, American Traders, Inc., sought a money judgment against him. The complaint was filed in the Superior Court of Snohomish County, Washington. On July 16, 1980, a money judgment was entered against the husband. On August 20, 1980, American Traders registered that judgment in Jackson County, Oregon, under ORS chapter 24. American Traders claims a lien upon the husband's interest in the described real property.[1] ORS 24.115; ORS 18.350(1).[2]

---

[1] The interest of a judgment debtor, as tenant by the entirety with his wife, may be sold on execution. *Klorfine v. Cole,* 121 Or 76, 80, 252 P 708, 254 P 200 (1927); *see Howell v. Folsom,* 38 Or 184, 63 P 116 (1900). The execution purchaser only obtains the debtor spouse's interest, which ceases to exist should the debtor spouse predecease the non-debtor spouse. *Brownley v. Lincoln County,* 218 Or 7, 11, 343 P2d 529 (1959); *see Ganoe v. Ohmart,* 121 Or 116, 254 P2d 203 (1927).

*Ganoe v. Ohmart, supra,* 121 Or at 126-127, states that "[t]he sale on execution of the interest of the husband would not destroy or affect the right of survivorship of the wife. The wife's interest would not be touched. The purchaser at such sale would procure one half of the usufruct of the property."

*See also Lover v. Fennell,* 14 Misc 2d 874, 179 NYS2d 1017 (1958); *Berlin v. Herbert,* 48 Misc 2d 393, 265 NYS2d 25 (1965); 4A Powell on Real Property 703-04 (rev ed 1984); Baxter, Marital Property 33 (1973).

[2] ORS 18.350(1) provides:

"From the time of docketing an original or renewed judgment or the transcript thereof, as provided in ORS 18.320, such judgment shall be a lien upon

On April 27, 1981, a decree of dissolution of the marriage was granted and the wife was awarded, as her sole and separate property, all right, title and interest in the described real property. The decree specifically provided that it would operate as a deed of conveyance of that property.

Thereafter, the wife, as plaintiff herein, filed a proceeding for declaratory relief against the defendant American Traders in which she alleged:

> "Plaintiff contends the doctrine of lis pendens applies * * * and that by reason thereof and by reason of decree of the Circuit Court of Jackson County, Oregon, awarding all of said property interest to plaintiff, defendant, by the registration of said judgment, does not have a lien against said real property."

American Traders, in turn, alleged that "the Doctrine of *Lis Pendens* does not apply * * * and that [American Traders] has a valid existing lien against an undivided one-half (1/2) interest in the * * * real property, which lien is superior to any interest of the [wife]."

Both the wife and American Traders moved for summary judgment. The trial court granted American Traders' motion, and entered a judgment that American Traders "be, and it hereby is, declared to have a judgment lien on the premises * * *."

On wife's appeal to the Court of Appeals, the Court of Appeals reversed, holding that the doctrine of *lis pendens* applies in dissolution cases if the property is described with particularity in a pleading. *Hoyt v. American Traders, Inc.*, 76 Or App 253, 709 P2d 1090 (1985). American Traders asserts that, under existing Oregon dissolution statutes and case law,

---

all the real property of the judgment debtor within the county or counties where the same is docketed, or which the judgment debtor may afterwards acquire therein, during the time prescribed in ORS 18.360."

ORS 24.115 provides:

"A copy of any foreign judgment authenticated in accordance with the Act of Congress or the statutes of this state may be filed in the office of the clerk of any circuit court of any county of this state. The clerk shall treat the foreign judgment in the same manner as a judgment of the court of any county of this state. A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating or staying as a judgment of a court of any county of this state and may be enforced or satisfied in like manner."

the doctrine of *lis pendens* does not apply in dissolution cases "until final decree is entered."

## LIS PENDENS

The term *lis pendens* means "a pending suit," Black's Law Dictionary 1081 (Rev. 4th ed 1968), and usually refers to a doctrine or rule that "the filing of a suit concerning real property is notice to people who obtain an interest in the property after commencement of the suit that they will be bound by the outcome of the suit." *Land Associates v. Becker*, 294 Or 308, 313-14, 656 P2d 927 (1982).[3] Regarding the application of *lis pendens*, we stated in *Land Associates* that

"* * * [i]t is a necessary doctrine; without it every change of ownership or lesser interest in real property would require a modification of the suit and would require continual checking of the records to be sure that someone had not obtained property rights in the property in question." *Id.* at 314.

Before the turn of the century, in Oregon *lis pendens* was not controlled by statute. *See Houston v. Timmerman*, 17 Or 499, 21 P 1037 (1889); *Walker v. Goldsmith*, 14 Or 125, 12 P 537 (1886). The *Houston* court held that the filing of a divorce complaint could not be a basis for common-law *lis pendens* regarding real property sought by the wife in the proceedings and described in the complaint because the primary nature of the suit related to the status of the parties *vis a vis* the marriage, and that the court did not have jurisdiction to affect any title or interest in real property until the decree of divorce was entered. 17 Or at 508-09.[4]

---

[3] The quoted statement in *Land Associates v. Becker*, 294 Or 308, 313-14, 656 P2d 927 (1982), made no reference to ORS 93.740, discussed in the text, *infra*.

[4] The trial court and the dissent in the Court of Appeals relied on *Houston v. Timmerman*, 17 Or 499, 21 P 1037 (1889). We there held, applying the common-law *lis pendens* rule - ORS 93.740 had not been enacted - that the filing of the complaint did not give *lis pendens* notice, that only when the marital status was changed by a decree of divorce did the operative statute divest title of either defendant. Under our interpretation of the common-law rule, the real property interest claimed in a suit for divorce was not the "primary object" of the proceeding. 17 Or at 506-07. The court reasoned that the primary object of a divorce proceeding was to change the status of the parties as a married couple and that the division of property pursuant to the decree merely was collateral matter. *Id.*

Whether one spouse's claim to an award or division of real property in a dissolution proceeding is the "primary object" of the suit is no longer dispositive to the application of *lis pendens*. The test for the application of *lis pendens* now is under ORS 93.740, which controls the decision herein.

In 1909, the legislature enacted Oregon Laws 1909, chapter 93, section 1 (now ORS 93.740), providing:

"In all suits in which the title to or any interest in or lien upon real property is involved, affected or brought in question, any party thereto at the commencement of the suit, or at any time during the pendency thereof, may file of record with the county clerk or other recorder of deeds of every county in which any part of the premises lies, except in the county in which the suit is brought, a notice of the pendency of the action containing the names of the parties, the object of the suit, and a description of the real property in the county involved, affected, or brought in question, signed by the party or the attorney of the party. From the time of filing the notice, and from that time only, the pendency of the suit is notice to purchasers and incumbrancers, of the rights and equities in the premises of the party filing the notice. * * *"

The only legislative history for this provision is found in the 1909 Senate and House Journals. These records do not reveal the source of the provision. They do reveal that the part of the statute excepting the county in which the suit is brought from the filing provisions was added as an amendment to the original bill. The language has remained unchanged since 1909.

## THE STATUTES

ORS 93.740 applies "[i]n all suits in which title to or any interest in or lien upon real property is involved, affected or brought in question * * *." The statute provides that "any party thereto at the commencement of the suit, or at anytime during the pendency thereof, may file" a notice of *lis pendens* with the recorder of deeds in the county where the real property is situated "except in the county in which the suit is brought." The notice must contain

"the names of the parties, the object of the suit, and the description of the real property in the county involved, affected or brought into question * * *. From the time of filing the notice, and from that time only, the pendency of the suit is notice, to purchasers and encumbrancers, of the rights and equities in the premises of the party filing the notice."

The county in which the suit is brought is exempted from the notice filing provisions of the statute. Read literally, the statute does not allow the filing of a notice of *lis pendens* in the county in which the suit is brought. The inescapable

implication is that the filing of a complaint in a suit involving, affecting or bringing into question the title to or any interest in or lien upon real property itself provides the notice of the pendency of the action, if it contains the names of the parties, the object of the suit, and the description of the real property involved, affected, or brought in question. Paraphrased, as it involves this case, we read ORS 93.740 to mean that from the time of filing a complaint in a civil action in which the title to or any interest in or lien upon real property is involved, affected or brought into question, the pendency of the civil action is notice, to purchasers and incumbrancers, of the rights and equities in the property of the party filing the civil action.

■    The doctrine of *lis pendens* states that "the filing of a suit concerning real property is notice to people who obtain an interest in the property after the commencement of the suit that they will be bound by the outcome of the suit." *Land Associates v. Becker, supra,* 294 Or at 313-14.

The effect of notice is to give the party filing the civil action priority over the lien of a subsequent judgment against the defendant. The lien of a subsequently recorded judgment is extinguished to the extent of the interest awarded to the party filing the civil action. *Land Associates v. Becker, supra,* 294 Or at 314 (holders of interests arising after commencement of foreclosure suit are bound by decree of foreclosure and thus their interests were foreclosed along with those of buyer and joined creditors).

As stated above, the wife's petition for dissolution specifically described the real property in dispute and requested that the property be awarded to her. The main questions are (1) whether the filing of the petition was in a "[suit] in which the title to or any interest in or lien upon real property is involved, affected or brought in question * * *", and (2) whether the pendency of the action was notice of "rights and equities in the property of the party filing the civil action." To answer those questions, we turn first to the dissolution statutes.

The applicable dissolution statutes are ORS 107.105 and 107.115. When the dissolution case was pending, ORS 107.105(1)(e) (1979) in part provided as follows:

"Whenever the court grants a decree of marital annulment, dissolution or separation, *it has power further to decree* as follows:

"* * * * *

"(e) For the division or other disposition between the parties of the real or personal property, or both, of either or both of the parties as may be just and proper in all the circumstances * * *."[5] (Emphasis added.)

ORS 107.115(1) in part provides:

"A decree of annulment or dissolution of a marriage restores the parties thereto to the status of unmarried persons * * *. *Such decree shall give the court jurisdiction to award,* to be effective immediately, the relief provided by ORS 107.105." (Emphasis added.)

## DISCUSSION

■■ ORS 107.105(1)(e) (1979) empowers the court, whenever it grants a decree of dissolution, to divide the real and personal property of the parties "as may be just and proper in all the circumstances." In dissolution of marriage suits where the spouses own real property as tenants by the entirety, the title to the real property and survivorship rights in that real property always are "involved, affected or brought into question," for a decree of dissolution destroys the estate by the entirety and, absent any affirmative award of one spouse's interest to the other, leaves the spouses as tenants in common in the property, each with an undivided one-half interest. *Seibert v. Seibert,* 184 Or 496, 199 P2d 659 (1948). The survivorship interest that is characteristic of the estate by the

---

[5] In 1980, when wife filed for dissolution, ORS 107.105(1)(e) provided:

"Whenever the court grants a decree * * * of dissolution of marriage * * * it has the power further to decree * * * for the division or other disposition between the parties of the real or personal property, or both, of either or both of the parties as may be just and proper in all the circumstances. The court shall view the contribution of a spouse as a homemaker in the contribution of marital assets. There is a rebuttable presumption that both spouses have contributed equally to the acquisition of property during the marriage. The court shall require full disclosure of all assets by the parties in arriving at a just property division."

This provision was amended in 1981 and renumbered as ORS 107.105(1)(f), its present designation. *See infra.* American Traders cited and relied upon language now in ORS 107.105(1)(f) that was not a part of ORS 107.105(1)(e) (1979) when the dissolution suit was filed in 1980. The language added in 1980 buttresses our conclusion.

entirety is extinguished. Beyond the mere extinction of the entireties estate, the trial court may divide any or all of the jointly or separately owned property of the spouses between them. ORS 107.105(1)(e) (1979).

■    Without question, then, the filing of a petition for dissolution of marriage involving a claim for an award or division of real property is the filing of a suit in which the title or interest of the parties in real property is "involved, affected or brought into question." Under ORS 93.740, the filing of a petition for dissolution that specifically describes the real property and requests that the real property be awarded to a party would appear to give notice "to purchasers and incumbrancers, of the rights and equities in the premises of the party filing the [petition]."

The second question, then, is whether the wife's filing of the dissolution complaint was notice of her "rights and equities in the property". *In re Estate of Krachler,* 199 Or 448, 455, 263 P2d 769 (1953) states:

"When used in relation to claims to property, the word 'right' means a claim or title to or an interest in anything that is enforceable by law."

■    When the complaint herein was filed, the wife had a property right in the property as a tenant by the entirety. Beyond that, she had a claim under ORS 107.105 (1)(e) (1979) to an equitable apportionment of the "real or personal property, or both, of either or both of the parties". Under ORS 107.105(1)(e) (1979) there is a rebuttable presumption that both spouses have contributed equally to the acquisition of assets during marriage, regardless of whether such property is jointly or separately held. This provision is an evidentiary device to aid a court in balancing the equities of the spouses in a division of property pursuant to a decree of annulment, dissolution or separation. One purpose is "to minimize the effect of the state of title on an asset acquired after marriage, so far as the division of property is concerned." *Engle v. Engle,* 293 Or 207, 215, 646 P2d 20 (1982).

The equities balanced by the court dividing the property are those related to the respective contributions of the spouses during marriage, ORS 107.105(1)(e) (1979), and do not materialize only upon entry of a decree of dissolution.

Further, whether the property is separately or jointly held does not affect the equities of the spouses as to each other and as to third parties with notice.

■      In the context of ORS 93.740, the term "rights and equities" has to refer to the claim in the property being made by the party filing the action, a claim which, if upheld, will affect or involve the title to, any interest in or any lien upon real property.

■      A spouse's equities in the property of the other spouse accrue during the marriage. By filing a petition for dissolution asking for the award of specified property, the spouse gives notice to third parties of the interest claimed. In that sense, the spouse making the claim is in the same position as any person asserting a claim of an equitable interest in property. The claim asserted by the wife in the case at bar is within the definition of the phrase "rights and equities in the property of the party filing the civil action."

The effect of *lis pendens* notice was to give the wife priority over the lien subsequently created by American Traders' registration of its judgment against the husband. The lien was extinguished when the dissolution court awarded the wife all right, title and interest in the real property described in the petition for dissolution.

American Traders asserts that, under ORS 107.105(1), the dissolution court lacks jurisdiction to divide the properties until it grants a decree of dissolution. The specific language of ORS 107.105(1) lends some support to this assertion. ORS 107.105(1) states that the granting of the decree of dissolution gives the court "power" to divide the real property. Further, ORS 107.115(1), not cited by the parties, provides that a decree of dissolution "shall give the court jurisdiction to award * * * the relief provided by ORS 107.105." This suggests that prior to the grant of a decree of dissolution, the dissolution court lacks such jurisdiction. Even so, for the reasons discussed below, we remain convinced that ORS 93.740 applies, and that the filing of a dissolution complaint that contains a description of the real property gives *lis pendens* notice.

First, although ORS 107.105(1) and 107.115(1) require that the court grant a decree of dissolution in order to

divide the property, that does not alter the fact that the very filing of a petition for dissolution involving a claim for an award or division of described real property manifestly brings into issue the parties' respective interests in the described real property. That ORS 107.105(1) and ORS 107.115(1) require that the court grant a decree of dissolution to exercise the further power to divide the property does not alter the inescapable fact that the dissolution proceeding involves, affects or brings into question the title or interest in the described real property.

Second, persons who claim an interest in real property at issue in a dissolution case can intervene in the case to assert their claim or interest. Judicial efficiency results from construing ORS 93.740 to mean that notice in a dissolution case follows the filing of a complaint describing the real property. Otherwise, a dissolution court could not have confidence in the exercise of its jurisdiction. *Land Associates v. Becker, supra,* 294 Or at 313-14. In *Brust v. Brust,* 181 Or 307, 310-11, 181 P2d 632 (1947), we stated:

> "It was proper in this proceeding for the court to make the Grahams parties defendant in order to determine whether Mrs. Graham held title to the real property as trustee for plaintiff and defendant Brust. *Bamford v. Bamford,* 4 Or 30; *Wetmore v. Wetmore,* 5 Or 469; 17 Am. Jur., Divorce and Separation, 293, § 277; Anno., 102 A. L. R. 814. Rights to real property can be litigated in a divorce proceeding as an incident to the dissolution of the marriage."

The ORS 107.115(1) phrase "[s]uch decree shall give the court jurisdiction to award * * * the relief provided by ORS 107.105" indicates that the dissolution court cannot, in the absence of such a decree, divide the parties' property under ORS 107.105(1)(e) (1979) (current 107.105(1)(f)). It cannot be questioned that because of the no-fault provisions of ORS 107.036, rare is the dissolution case in which a decree of dissolution is not granted.[6]

---

[6] We are aware of no practice in Oregon courts to grant two decrees in a dissolution action. The universal practice is for the court to prepare a single document, usually entitled "Decree," that (1) dissolves the marriage, (2) awards custody, (3) orders support, (4) divides the property, (5) lists other provisions involving costs or attorney fees, and (6) lists statistical information required by ORS 107.085(3). In almost all cases, entitlement to a decree of dissolution is not even an issue.

Finally, we note that a number of other courts considering this issue have held that the filing of a complaint for divorce in which the party specifically describes in the complaint the particular real property claimed makes *lis pendens* applicable.[7]

■ In the present case, the wife's petition sufficiently described the real property in question and requested that the property be awarded to her pursuant to the decree of dissolution. Her right to real property owned by her husband and specified in the pleading was placed in issue by the filing of the petition. The suit involved, affected or brought into question the "title to or any interest in * * * real property." Because "the names of the parties, the object of the suit and the description of the real property in the county involved, affected or brought into question" adequately were set forth in the pleadings, the proceedings are *lis pendens.* The underlying purpose of ORS 93.740 is furthered by a rule importing notice with the filing of the complaint for dissolution containing a description of the real property, rather than with a rule that implies notice only after the court "grants a decree of * * * dissolution." ORS 107.105(1). Our decision precludes third parties from acquiring, during the pendency of the litigation, rights in the property that would preclude the court from granting relief appropriate to the circumstances. *Land Associates v. Becker, supra,* 294 Or at 313-14.[8]

---

[7] Some of the cases are decided only on the common law and others on *lis pendens* statutes, some similar to our own. *See, e.g., Head v. Crawford,* 156 Cal App 3d 11, 202 Cal Rptr 534 (1984) (statute); *Clopine v. Kemper,* 140 Colo 360, 344 P2d 451 (1959) (statute); *Ulrich v. Ulrich,* 14 D.C.(3 Mackey) 290 (1883) (common law); *Davidson v. Digeldine,* 295 Ill 367, 129 NE 79 (1920) (common law); *Vanzant v. Vanzant,* 23 Ill 536 (1860); *Joneson v. Joneson,* 251 Iowa 825, 102 NW2d 911 (1960) (statute)8 *Wilkinson v. Elliot,* 43 Kan 590, 23 P 614 (1890) (common law); *Garver v. Graham,* 6 Kan App 344, 51 P 812 (1897) (statute); *Cook v. Mozer,* 108 Ohio St 30, 140 NE 590 (1923) (common law); *Domino v. Domino,* 45 Ohio Op 151, 99 NE2d 825 (1951) (common law and statute); *Bowman v. Bowman,* 201 Okla 384, 206 P2d 582 (1949) (general statute); *McWhorter v. Brady,* 41 Okla 383, 140 P 782 (1913) (statute).

[8] We also note a 1981 amendment to ORS 107.105(1)(e). ORS 107.105(1)(e) was amended in 1981, Oregon Laws 1981 chapter 775, section 1, and renumbered as ORS 107.105(1)(f). The 1981 amendment in part provides:

"Subsequent to the filing of a petition for annulment or dissolution of marriage or separation, the rights of the parties in the marital assets shall be considered a species of co-ownership, and a transfer of marital assets pursuant to a decree of annulment or dissolution of marriage or of separation entered on or after October 4, 1977, shall be considered a partitioning of jointly owned property." *See* ORS 107.105(1)(f) (1983).

The decision of the Court of Appeals is affirmed. Remanded to the trial court for entry of a decree consistent with this decision.

---

Though not necessary to our holding, the 1981 amendment supports our conclusion. This language equates the filing of a petition for dissolution with the filing of a complaint for partition of jointly owned property. Current ORS 107.105(1)(f) suggests that the division of real property that occurs in a dissolution proceeding in which the decree is entered on or after October 4, 1977, is akin to the division of property in a partition case. Clearly, ORS 93.740 would be applicable to a suit for partition. For similar reasons, it would be applicable to suits for dissolution in which the real property in question is specifically described in the complaint.