PEDRO et al,
*Respondents,*

*v.*

KIPP et al,
*Appellants.*

(A8309-05627; CA A36884)

735 P2d 651

Frank J. Susak, Portland, argued the cause and filed the briefs for appellants.

Mark Zwerling, Portland, argued the cause for respondents. With him on the brief was Dan LaRue, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Plaintiffs brought this action to enforce a personal guaranty of a lease and to void a fraudulent conveyance of real property if they prevailed on the guaranty. Summary judgment was granted in favor of plaintiffs against defendant Landye, who appeals from the ensuing final judgment against him. ORCP 67B. We affirm.

The parties have stipulated to the material facts. In 1982, plaintiffs leased commercial property to Parhaven Land Company. Defendant William Kipp personally guaranteed Parhaven's performance of the lease. In 1983, Parhaven breached the lease by failing to pay rent, taxes and association dues. In 1975, defendants William and Jacqueline Kipp purchased real property described as Lot 5, Block 2, Hewitt Park Estates, in Multnomah County. That property has no relationship to the Parhaven lease. In February, 1983, William conveyed his interest in the Hewitt Park property to Jacqueline without consideration. The deed was recorded on March 2, 1983. At that time, William was insolvent, and the conveyance was made to frustrate his creditors. Jacqueline knew that her husband was insolvent and that he was conveying the property to her in an effort to escape his obligations.

On September 8, 1983, plaintiffs filed a complaint against William on his personal guaranty of the lease. On December 13, they filed an amended complaint, adding Jacqueline as a defendant and alleging a second claim for relief, in addition to the one on the personal guaranty, which included these allegations:

### "XI

"On or about February, 1983, William Kipp, Jr. conveyed his interest in Lot 5, Block 2, Hewitt Park Estate, in the County of Multnomah, State of Oregon, to his wife Jacqueline M. Kipp for no consideration. Said transfer was made for the purpose of defrauding creditors.

### "XII

"As a result of said transfer, defendant Jacqueline M. Kipp has been unjustly enriched. A constructive trust should be placed upon the assets of said defendant, and a quasi-contract imposed upon said defendants."

On December 28, 1983, Jacqueline sold the property to Landye, who did not have actual knowledge of the pending action against the Kipps.

Defendants moved to dismiss the second claim for relief for failure to state a claim, which was granted on March 29. A second amended complaint was filed on April 18, 1984, adding Landye as a defendant and alleging a third claim seeking to set aside the fraudulent conveyance to Jacqueline and praying that the property be impressed with an equitable lien.

On April 25, 1984, Landye conveyed an interest in the Hewitt Park property to Evan Solley. Plaintiffs then filed a supplemental complaint on June 14, 1984, which added Solley as a defendant and asked that his interest in the property be declared inferior to that of plaintiffs. On July 5, 1984, plaintiffs took an order of default against William and Jacqueline. The parties then stipulated to the facts, and plaintiffs and defendants (including the defaulted Kipps) moved for summary judgment. The court granted plaintiffs' motion,[1] and a final judgment for money was entered in their favor against Landye pursuant to ORCP 67B.

The issue is whether the doctrine of *lis pendens* applies to make plaintiffs' claim to the Hewitt Park property superior to Landye's claim. Landye contends that the trial court erred in holding that the second amended complaint, filed after Jacqueline sold the property to Landye, relates back to the date of filing of the first amended complaint, which was before that sale occurred. Plaintiffs contend that, regardless of whether the second amended complaint relates back, the trial court did not err in granting their motion for summary judgment, because their first amended complaint alleged sufficient facts to state a claim for the relief that the court granted on the second amended complaint.

■      The function of *lis pendens* is to give constructive notice to one dealing with real property that is the subject of pending litigation that he does so subject to the outcome of that litigation. The rule is that

"one who purchases of either party to the suit the subject-

---

[1] Initially, the trial court denied plaintiffs' motion and granted defendants.' On reconsideration, it reversed its decision and granted plaintiffs' motion.

matter of the litigation after the court has acquired jurisdiction is bound by the judgment or decree, whether he purchased for a valuable consideration or not, and without any express or implied notice * * *." *Houston v. Timmerman,* 17 Or 499, 504, 21 P 1037 (1889).

In the county where the complaint is filed, *lis pendens* comes into play at the time the complaint is filed. *Hoyt v. American Traders, Inc.,* 301 Or 599, 725 P2d 336 (1986); *see* ORS 93.740.

*Hoyt* outlines the requirements for *lis pendens*:

"[T]he filing of a complaint in a suit involving, affecting or bringing into question the title to or any interest in or lien upon real property itself provides the notice of the pendency of the action, if it contains the names of the parties, the object of the suit, and the description of the real property involved, affected, or brought in question." 301 Or at 605.

Plaintiffs' original complaint clearly did not invoke *lis pendens*. The first amended complaint, however, named the parties and described the property with specificity. At the relevant time, *former* ORS 95.070[2] provided that any conveyance of an estate in land made with the intent to hinder, delay or defraud creditors is void as to the person hindered, delayed or defrauded. A party with a legal claim for damages is a creditor under the statute, even though a judgment has not yet been entered. *Stach v. Jackson,* 40 Or App 249, 253, 594 P2d 1289 (1979). The allegations of a fraudulent conveyance necessarily would affect the Hewitt Park property, because the ownership of the property was called into question. *Hoyt v. American Traders, Inc.,* 76 Or App 253, 257, 709 P2d 1090 (1985), *aff'd Hoyt v. American Traders, Inc., supra.*

Although the lawsuit was for breach of a contract of

---

[2] *Former* ORS 95.070 was repealed in 1985 by Or Laws 1985, ch 664, § 16, and replaced by the Uniform Fraudulent Transfer Act, ORS 95.200 to ORS 95.310.

*Former* ORS 95.070 provided:

"Every conveyance or assignment in writing or otherwise of any estate or interest in lands, goods or things in action, or of any rents or profits issuing therefrom, and every charge upon lands, goods or things in action, or upon the rents or profits thereof, made with the intent to hinder, delay or defraud creditors or other persons of their lawful suits, damages, forfeitures, debts or demands, and every bond or other evidence of debt given, suit commenced, decree or judgment suffered with the like intent, as against the person so hindered, delayed or defrauded is void."

guaranty, the claim against Jacqueline was made for the purpose of protecting plaintiffs' right to collect any judgment they might obtain against William. It alleged sufficient facts to put one on notice that the transfer of the property to Jacqueline could be held void as to plaintiffs. If plaintiffs prevailed in the action, they would have a judgment against William, together with the right to levy execution against the property that he had conveyed fraudulently to Jacqueline.

Accordingly, when Landye purchased the property from Jacqueline, he had constructive notice that the conveyance to her was subject to being set aside as to the plaintiffs and that he might not acquire good title from her. Landye argues that, because the amended complaint did not allege sufficient facts to permit the court to impose a constructive trust on the property, it was properly dismissed and *lis pendens* is inapplicable, unless the second amended complaint relates back to the time of filing the first.

The difficulty with Landye's argument is that a constructive trust is a *remedy,* not a substantive claim for relief. Assuming that plaintiffs had not alleged sufficient facts in their amended complaint to warrant that remedy, they did allege enough to justify setting aside the conveyance to Jacqueline. *American Surety Co. v. Hattrem,* 138 Or 358, 3 P2d 1109, 6 P2d 1087 (1931). Therefore, that complaint was sufficient to withstand a motion to dismiss under ORCP 21A for failure to state a claim.

However, that complaint *was* dismissed and, if the matter had gone no further, Landye would have acquired good title, even though he had had notice of a possible claim that could have defeated it to the extent that plaintiffs were damaged by the fraudulent conveyance to Jacqueline. It did not end there, however, because plaintiffs filed a second amended complaint realleging the facts relating to the fraudulent conveyance, amplified by an allegation that William was insolvent at the time he conveyed the property to Jacqueline and the allegation that the conveyance should be declared void and plaintiffs awarded an equitable lien against the property in the amount of their claim against William. That complaint revived the fraudulent conveyance claim of which Landye had constructive notice before he purchased the property from

Jacqueline. That result obtains, regardless of whether the doctrine of relation back adopted by ORCP 23C[3] applies to *lis pendens.*

Affirmed.

---

[3] ORCP 23C provides:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, such party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining any defense on merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party brought in by amendment."