Argued and submitted October 5, 1987, reversed and remanded February 10, 1988

# LANDSING PROPERTY CORPORATION et al,
*Appellants,*

*v.*

# ANGLEA,
*Respondent.*

## (85-12-08018; CA A39518)

749 P2d 588

Christopher W. Angius, Portland, argued the cause for

appellants. On the briefs were Jacob Tanzer and Ball, Janik & Novack, Portland.

Frank M. Parisi, Portland, argued the cause for respondent. With him on the brief was Spears, Lubersky, Campbell, Bledsoe, Anderson & Young, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Plaintiff appeals from a judgment dismissing its complaint with prejudice for failure to state ultimate facts sufficient to constitute a claim for declaratory relief. ORCP 21A(8). Because we conclude that the facts alleged in the complaint are sufficient to state a claim for a declaration of the rights of the parties under an alleged contract, we reverse.

The complaint alleges the existence of an agreement by defendant to sell real property to plaintiff. Under the agreement, defendant was required to provide plaintiff certain information regarding the condition of the property, including the condition of the soil, within five business days after the execution of the agreement, which defendant failed to do. Plaintiff discovered that there had been toxic waste on the property and requested information on that condition. Defendant refused to provide all of the additional information requested, and plaintiff refused to close without it.[1]

Plaintiff alleges that it is ready, willing and able to purchase the property, subject to completion of soil testing that it needs to perform as a result of defendant's refusal to supply the information as required by the agreement. Plaintiff alleges that defendant claims that it is in breach of the agreement for failure to close the transaction on the closing date; plaintiff contends that the agreement is still in effect, subject to resolution of the toxic waste issue, because defendant failed to comply with the contract provision requiring her to provide that information within five days. Plaintiff prays for a determination of that controversy.

Defendant initially argues that its motion to dismiss this appeal should be granted, because she sold the property to another party on January 27, 1986, and would be unable to sell the property to plaintiff, even if plaintiff were to prevail.

---

[1] The alleged agreement contains the following provision:

"IV.  INFORMATION TO BE PROVIDED TO BUYER BY SELLER

"Within five (5) business days after execution of this preliminary agreement by both parties, Seller shall provide Buyer with a copy of any and all property reports, including any soil reports, old surveys, topographical maps in Seller's possession. Additionally, Seller shall provide a copy of any and all governmental reports in Seller's possession, including any zoning or building restrictions, which may in any way restrict construction on the site."

Plaintiff's complaint was filed before that date and specifically described the property that is the subject of the outcome of the litigation. Under the doctrine of *lis pendens,* anyone purchasing the property would take it subject to the litigation. *See Pedro v. Kipp,* 85 Or App 44, 735 P2d 651, *rev den* 303 Or 699 (1987). Accordingly, the appeal is not moot.

■ Defendant argues the merits of the parties' positions with respect to the agreement. However, that is the subject of the dispute that plaintiff seeks to have resolved. The complaint alleges the existence of an agreement and the existence of a dispute between the parties as to plaintiff's rights thereunder and seeks a declaration of its rights under that agreement. ORS 28.020 provides:

> "Any person interested under a deed, will, written contract or other writing constituting a contract, or whose rights, status or other legal relations are affected by a constitution, statute, municipal charter, ordinance, contract or franchise may have determined any question of construction or validity arising under any such instrument, constitution, statute, municipal charter, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder."

That statute permits plaintiff to have the trial court determine its rights under the alleged agreement. If the trial court finds that no agreement exists or that plaintiff's rights under the alleged agreement have expired, then it should enter judgment accordingly. The complaint should not have been dismissed for failure to state a claim for declaratory relief. *Reynolds v. State Board of Naturopathic Exam.,* 80 Or App 438, 722 P2d 739 (1986).

Reversed and remanded.