FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SYLVESTER J. HOFFART; et al.,

          Plaintiffs - Appellants,

   v.

DWD CONTRACTORS, INC.; et al.,

          Defendants - Appellees.

No. 13-35690

D.C. No. 3:12-mc-00395-SI

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted February 17, 2015[**]

Before:    O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

     Sylvester J. Hoffart, as the legal representative of the Estate of Louise T.

Hoffart, appeals pro se from the district court's order granting the defendants'

motion to stay the execution of a judgment against certain assets and properties.

We have jurisdiction under 28 U.S.C. § 1291.  We review for an abuse of

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

discretion a district court's decision to enter an injunction. *Hilao v. Estate of Marcos*, 95 F.3d 848, 851 (9th Cir. 1996). We review de novo issues of law and review for clear error findings of fact. *Flatow v. Islamic Republic of Iran*, 308 F.3d 1065, 1069 (9th Cir. 2002). We affirm.

The district court did not abuse its discretion in granting the defendants' motion to stay the enforcement of the judgment obtained against the Estate of Hal C. Wiggins. *See* 28 U.S.C. § 1963 (judgment registered in a district court "shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner"); Fed. R. Civ. P. 69(a)(1) (the law of the state in which the federal judgment is registered governs the procedures for execution of the judgment).

The district court properly concluded that the assets and properties allegedly subject to the judgment were the personal property of Joanne Wiggins, the surviving spouse of Hal C. Wiggins. *See also Hoyt v. Am. Traders, Inc.*, 725 P.2d 336, 338, n.1 (Or. 1986) (a debtor-spouse's interest in property owned in a tenancy in its entirety, expires upon the death of the debtor-spouse and does not pass to the surviving spouse).

We do not consider the arguments raised by Hoffart in his notice, filed on February 6, 2015, because they were not raised in the opening brief. *See Smith v.*

*Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFIRMED.**