Argued and submitted January 11, affirmed August 22, 2012, petition for review denied January 24, 2013 (353 Or 203)

Mark VUKANOVICH,
an individual,
*Plaintiff-Appellant,*

*v.*

Larry KINE;
Stonecrest Properties, LLC,
an Oregon limited liability company;
Alan Evans;
and Charles Kingsley,
*Defendants-Respondents.*

STONECREST PROPERTIES, LLC,
an Oregon limited liability company,
*Counterclaim Plaintiff-Respondent,*

*v.*

Christopher J. KEMPER,
*Counterclaim Defendant-Appellant.*

Lane County Circuit Court
161011969; A146608

285 P3d 733

George W. Kelly argued the cause and filed the briefs for appellants.

Charles R. Markley argued the cause for respondents Stonecrest Properties, LLC, Alan Evans, and Charles Kingsley. With him on the brief were M. Elizabeth Duncan and Greene & Markley, P.C.

No appearance for respondent Larry Kine.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

HADLOCK, J.

## HADLOCK, J.

This appeal involves a dispute over the validity of a "notice of pendency of an action" recorded under ORS 93.740, also called a "notice of *lis pendens*." Plaintiff recorded the challenged notice of *lis pendens* after he sued defendants Kine and Stonecrest Properties, LLC, (Stonecrest) alleging that they had breached an agreement that called for Kine and plaintiff to invest in a limited liability company that would, in turn, purchase certain real property. As a remedy for the alleged breach, plaintiff claimed entitlement to damages or, as an alternative, specific performance of the agreement. On Stonecrest's motion, the trial court struck plaintiff's notice of *lis pendens* under ORS 205.460, which authorizes circuit courts to strike invalid claims of encumbrance. The present appeal requires us to consider, first, whether plaintiff's notice of *lis pendens* constituted a claim of encumbrance against the property for purposes of ORS 205.460. As explained below, we agree with the trial court that the notice of *lis pendens* was a claim of encumbrance. Given that holding, we must address a second question: whether the notice of *lis pendens* was a *valid* claim of encumbrance. We agree with the trial court's ruling on that point, too. Plaintiff's notice of *lis pendens* was invalid because it was not based on litigation "in which the title to or any interest in or lien upon real property is involved, affected or brought in question," as ORS 93.740 requires. Accordingly, we affirm the trial court's limited judgment, which granted Stonecrest's petition to strike and release the encumbrance created by the notice of *lis pendens*.

We describe only those facts that relate to the limited issue before us, as alleged in plaintiff's complaint and supplemented by the record. On September 28, 2009, plaintiff and defendant Kine signed a "Letter of Understanding" (the agreement) providing that the two were "working in conjunction to purchase property in Eugene, Oregon, known as Moon Mountain subdivision [(the property)] from Umpqua Bank." That agreement further provided that Kine and plaintiff were "responsible for bringing in 50% of the dollars needed to purchase the property" and that "[p]rofits [would] be split 50% to [Kine's] group and 50% to [plaintiff's] group." The agreement specified that a "new LLC" would be

formed "as the purchaser of the property." It also included a confidentiality provision.

Although Umpqua Bank owned the property when Kine and plaintiff entered into the agreement, plaintiff had owned the property from 2007 through August 2009 and allegedly had invested substantial resources in developing it. Plaintiff alleges that he shared significant knowledge of the property with Kine after they entered the September 2009 agreement. In December 2009, plaintiff and Kine made an offer to purchase the property from Umpqua Bank, which was accepted with certain contingencies to which plaintiff agreed. In early January, however, Kine allegedly informed plaintiff that he no longer was interested in acquiring the property. Accordingly, plaintiff began to explore other ways to purchase it. Plaintiff submitted a new offer in March, but the bank's realtor told plaintiff that somebody else had already submitted a competing purchase offer. Plaintiff later learned that Stonecrest had been formed in March 2010, with Kine as one of its members, and had purchased the property soon thereafter.

Three months later, plaintiff filed suit against defendants Stonecrest, Kine, and two of Stonecrest's other members: Evans and Kingsley.[1] Plaintiff filed his original complaint on June 1, 2010, and filed an amended complaint 10 days later. In support of his first claim, for breach of contract, plaintiff alleged that

> "[d]efendants Kine and Stonecrest Properties, as Kine's alter ego, have breached the Agreement by, among other things, purchasing the Property without the knowledge or involvement of Plaintiff in violation of the express terms and overall spirit of the Agreement, and by failing to keep the detailed information that Plaintiff shared with Kine regarding the Property confidential as required by the Agreement."

As a remedy on that claim, plaintiff alleged entitlement to either $2.5 million in damages or, alternatively, "specific performance of the Agreement or, if complete performance

---

[1] Stonecrest, Evans, and Kingsley are jointly represented on appeal, but the lawyers who represent those defendants do not also represent defendant Kine. Kine has not appeared at any time during the course of these proceedings.

is not possible or practical, partial performance of the Agreement and corresponding equitable compensation." In his prayer for relief on the breach-of-contract claim, plaintiff again alleged that he was entitled to either $2.5 million in damages or "for specific performance of the Agreement whereby defendants would be required to perform their duties pursuant to the terms of the Agreement or, if complete performance is impossible or impractical, for partial performance of the Agreement and just and proper equitable compensation."[2]   On the same day that he filed his original complaint, plaintiff recorded a document titled "Notice of Pendency of an Action" (as noted, also called a notice of *lis pendens*) in which he claimed:

> "The object of the action is to compel defendants to convey a 50% interest in the real property to Plaintiff pursuant to the terms of their September 29, 2009 written agreement, for damages resulting from the defendants' breach of the September 29, 2009 agreement, or some combination of these remedies."

Stonecrest petitioned to strike and release any encumbrance created by that notice of *lis pendens*, arguing that the notice was an invalid claim of encumbrance under ORS 205.450. Relying on *Doughty v. Birkholtz*, 156 Or App 89, 964 P2d 1108 (1998), Stonecrest contended that plaintiff's claim for specific performance amounted to only a claim for speculative future interest in the property—an interest that could not support a *lis pendens* notice because plaintiff did not hold a present interest at the time he recorded the notice: "If he happens to win the lawsuit currently under consideration, he may thereby obtain an interest. But that is a 'speculative future' interest."

---

[2] In a second claim, plaintiff alleged that Kine and Stonecrest had breached an implied covenant of good faith and fair dealing by misrepresenting their intentions with respect to the property and by sharing confidential information to plaintiff's detriment. On that claim, plaintiff sought $2.5 million in damages. In a third claim, plaintiff alleged that Kine had defrauded him, and, in three remaining claims, plaintiff asserted claims for interference with economic relations, contractual relations, and prospective business advantage against the other defendants. Plaintiff claimed only monetary damages in association with those five claims, not entitlement to specific performance, and we do not further address those claims in this opinion.

Plaintiff responded that the notice of *lis pendens* was not, in fact, an encumbrance at all, but only a "notice of a claim filed in circuit court" that did "not create a lien, charge or liability attached to and binding property." Even if a notice of *lis pendens* were an encumbrance, plaintiff argued, the notice in this case was valid because it was authorized by, and filed pursuant to, ORS 93.740. *See* ORS 205.450(8) (a "valid claim of encumbrance" includes an encumbrance that is authorized by statute). The trial court ruled in Stonecrest's favor and issued a limited judgment striking the notice of *lis pendens* and releasing the property from any encumbrance the notice created. On plaintiff's appeal, the parties largely reiterate the arguments they made below.

We first consider whether plaintiff's notice of *lis pendens* was a claim of encumbrance for purposes of ORS 205.450 to 205.470. For the reasons that follow, we conclude that it was.

Our analysis begins with ORS 205.460(6), which authorizes circuit courts to strike invalid claims of encumbrance. ORS 205.450(1) defines an encumbrance as "a claim, lien, charge or liability attached to and binding property." The question before us, then, is whether a notice of *lis pendens* is that kind of claim or charge against property. To answer that question, we look to ORS 93.740, which describes the circumstances under which a notice of *lis pendens* may be recorded. That statute provides, part:

"In all *suits in which the title to or any interest in or lien upon real property is involved, affected or brought in question*, any party thereto at the commencement of the suit, or at any time during the pendency thereof, may have recorded * * * a notice of the pendency of the action containing the names of the parties, the object of the suit, and the description of the real property in the county involved, affected, or brought in question * * *. From the time of recording the notice, and from that time only, the pendency of the suit is notice, to purchasers and incumbrancers, of the rights and equities in the premises of the party filing the notice."

ORS 93.740(1) (emphasis added).

The emphasized part of the statute contemplates that a notice of *lis pendens* will be based on an action in which

the plaintiff alleges that the suit, when properly adjudicated on the merits, could determine interests in real property. *Cf. Doughty*, 156 Or App at 95 (notice of *lis pendens* could not be based on a claim before the Construction Contractors Board, in part because the board is not "authorized to adjudicate or to affect interests in real property"). As plaintiff points out, the properly recorded notice of such litigation alerts interested parties to the pendency of the litigation.

However, the notice's effect is not limited to providing that information, as plaintiff contends. Rather, "[t]he function of *lis pendens* is to give constructive notice to one dealing with real property that is the subject of pending litigation that he does so *subject to the outcome of that litigation.*" *Pedro v. Kipp*, 85 Or App 44, 47, 735 P2d 651, *rev den*, 303 Or 699 (1987) (emphasis added). In other words, by properly recording a notice of *lis pendens*, a plaintiff who claims an interest in real property can ensure that his or her interest in that property will not be disturbed by certain other, subsequently recorded (or never recorded) claims to the same property, so long as the plaintiff ultimately prevails in the litigation. *See* ORS 93.740(2) ("Except as provided in subsection (3) of this section, a conveyance or encumbrance that is not recorded *** before the filing of a notice of pendency that affects all or part of the same real property is void as to the person recording the notice of pendency for all rights and equities in the real property that are adjudicated in the suit."); *Hoyt v. American Traders, Inc.*, 301 Or 599, 605, 725 P2d 336 (1986) ("The effect of notice is to give the party filing the civil action priority over the lien of a subsequent judgment against the defendant. The lien of a subsequently recorded judgment is extinguished to the extent of the interest awarded to the party filing the civil action.").

Thus, a plaintiff's recording of a notice of *lis pendens* has a concrete effect when statutory requirements are met and the plaintiff ultimately prevails in litigation regarding his or her claim to real property: it gives the plaintiff's interest in the property priority over subsequently asserted interests. In short, the notice is a "claim" or "charge" that attaches to property. Moreover, the notice of *lis pendens* "binds" the property because persons who attempt to record an interest in the property after the plaintiff's notice is

recorded will be bound by the judgment in the underlying litigation. *Cf. Pedro*, 85 Or App at 47-48 (the rule of *lis pendens* is that " 'one who purchases of either party to the suit the subject-matter of the litigation after the court has acquired jurisdiction is bound by the judgment or decree'" (quoting *Houston v. Timmerman*, 17 Or 499, 504, 21 P 1037 (1889))). In sum, the notice of *lis pendens* is an encumbrance as defined in ORS 205.450(1) because it is a claim or charge that attaches to and binds real property. By recording his notice of *lis pendens* in this case, plaintiff made a "claim of encumbrance" that was subject to being stricken—if invalid—under ORS 205.460(6).[3]

The next question is whether plaintiff made a *valid* claim of encumbrance when he recorded his notice of *lis pendens*. We conclude that he did not. Under ORS 205.450(8), a "valid claim of encumbrance" is an encumbrance that

"(a)   Is an encumbrance authorized by statute;

"(b)   Is a consensual encumbrance recognized under the laws of this state; or

"(c)   Is an equitable, constructive or other encumbrance imposed by a court of competent jurisdiction."

An " '[i]nvalid claim of encumbrance' [is] a claim of encumbrance that is not a valid claim of encumbrance." ORS 205.450(5).

Plaintiff argues that the notice in this case was authorized by and recorded pursuant to the *lis pendens* statute, ORS 93.740, and consequently was a valid encumbrance

---

[3] Citing *Miller v. C. C. Meisel Co., Inc.*, 183 Or App 148, 51 P3d 650 (2002), plaintiff argues that "[i]f a 'notice' of *lis pendens* cannot effect slander of title, neither can the notice create an 'encumbrance.'" Plaintiff's reliance on *Miller* is misplaced. In that breach-of-contract case, the plaintiff asserted that he had a life estate in a house that he had built on the defendant's land, and he filed a notice of *lis pendens* in which he described that aspect of the litigation. *Id.* at 168. The defendant asserted a counterclaim for slander of title based on the notice. *Id.* To prevail on that counterclaim, the defendant had to prove, among other things, that the plaintiff had published a statement that disparaged the defendant's title to property *and* that the statement was false. *Id.* at 169. We concluded that the notice of *lis pendens* did not support the defendant's counterclaim because it did not contain a false statement. Rather, the notice accurately recited that a lawsuit had been filed. *Id.* at 172. We did not conclude, as plaintiff suggests, that a notice of *lis pendens* has no legal effect beyond reciting the facts of a pending suit and, therefore, *never* can slander title.

under ORS 205.450(8)(a). To be a valid "encumbrance authorized by statute," however, the encumbrance must comply with the terms of the authorizing statute. Here, that statute is ORS 93.740, which requires that the underlying suit involve, affect, or bring into question "the title to or any interest in or lien upon real property." As we explained in *Doughty*, the statute contemplates that "the subject of the suit must be an actual interest in real property, not merely a speculative future one." 156 Or App at 95. Requiring that notices of *lis pendens* be filed only in cases in which a party claims an *actual* interest in property fulfills the purposes of the *lis pendens* doctrine, which is to preclude "third parties from acquiring, during the pendency of the litigation [with which the notice of *lis pendens* is associated], rights in the property that would preclude the court from granting relief appropriate to the circumstances." *Hoyt*, 301 Or at 610.

Here, plaintiff recorded his notice of *lis pendens* based solely on a prayer for specific performance of the terms of an allegedly breached agreement between himself and Kine. That agreement provided, in pertinent part, that plaintiff and Kine were "working in conjunction to purchase [the subject] property," that each party was "responsible for bringing in 50% of the dollars needed to purchase the property," that profits would "be split 50% to [Kine's] group and 50% to [plaintiff's] group," and that "[a] new LLC [would] be formed as the purchaser of the property." Neither Kine nor plaintiff held any interest in the property at the time they made that agreement, nor had either of them entered into any agreement to purchase the property from the bank. In sum, the allegedly breached contract was simply an agreement to jointly invest in an LLC that would acquire the property at some point in the future. It was not a land-sale contract, and it did not entitle plaintiff to a 50% interest in the property, as plaintiff asserted in his notice of *lis pendens*.

For the reasons that follow, we conclude that, given the nature of the agreement and of plaintiff's allegations, the underlying lawsuit does not involve, affect, or bring into question "the title to or any interest in or lien upon real property." ORS 93.740. Plaintiff does not allege in his amended complaint that he has any existing interest in the property under, for example, a land-sale contract. Nor does

he allege or explain how, as a result of this suit, any interest in the property would pass to him or away from Stonecrest. After all, plaintiff's agreement with Kine contemplated only that plaintiff would invest in an LLC that would purchase the property from Umpqua Bank. Accordingly, even if plaintiff prevailed in that litigation and the court ordered specific performance as a remedy, it appears that plaintiff would obtain only an opportunity to acquire a 50 percent interest in the LLC that owns the property (currently, Stonecrest). That LLC—and not plaintiff—would continue to own the property. Thus, although a verdict for plaintiff on his breach-of-contract claim might affect ownership *of the LLC*, plaintiff has not explained how that kind of success could affect ownership *of the property*. *See* ORS 63.239 ("A membership interest is personal property. A member is not a co-owner of and has no interest in specific limited liability company property."). Moreover, plaintiff sought specific performance only as an alternative remedy to money damages, making it even less apparent how ownership of the property could be affected by a judgment in his favor.[4] For those reasons, plaintiff's breach-of-contract claim cannot be said to involve, affect, or bring into question any interest in the property that would support a notice of *lis pendens* under ORS 93.740. *Cf. Doughty*, 156 Or App at 95 (under the *lis pendens* statute, "the subject of the suit must be an actual interest in real property"). Because plaintiff's amended complaint could not properly form the basis for a notice of *lis pendens*, that notice was an invalid encumbrance, and the trial court had authority to strike it under ORS 205.460.

In a final assignment of error, plaintiff contests the trial court's denial of his request for costs and attorney fees and its award of costs and fees to Stonecrest. Under ORS 205.460(6), the trial court "may award costs and reasonable attorney fees at trial and on appeal" to whichever party

---

[4] Indeed, we question whether plaintiff had any right to specific performance, given that he sought that remedy only as an alternative to his claim for $2.5 million in damages. *See Kazlauskas v. Emmert*, 248 Or App 555, 569, 275 P3d 171 (2012) (specific performance is available only if other remedies are inadequate); *id.* at 571-72 (where the plaintiff asserted that the amount of monetary damages he sought would adequately compensate him for alleged breaches of contract, and he produced evidence supporting that amount, specific performance was not an appropriate remedy).

prevails on a petition to strike and release a claim of encumbrance.[5] Plaintiff asks us to reverse the award of attorney fees only if we rule in his favor on the merits; he does not contend that we should disturb the fee award if Stonecrest otherwise prevails on appeal. Given our rejection of plaintiff's arguments on the merits, we also affirm the trial court's award of costs and attorney fees.

Affirmed.

---

[5] ORS 205.460(6) provides, in full:

"If the court determines that the claim of encumbrance is invalid, the court shall issue an order striking and releasing the claim of encumbrance and may award costs and reasonable attorney fees at trial and on appeal to the petitioner to be paid by the encumbrance claimant. If the court determines that the claim of encumbrance is valid, the court shall issue an order so stating and may award costs and reasonable attorney fees at trial and on appeal to the encumbrance claimant to be paid by the petitioner."