**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| PAMELA K. STATON, | No. 14-35399 |
| Plaintiff-Appellant, | D.C. No. 6:10-cv-01306-PA |
| v. | |
| BANK OF AMERICA (BAC) HOME LOANS SERVICING LP; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; RECONTRUST COMPANY, NA, a subsidiary of BAC NA, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, District Judge, Presiding

Argued and Submitted October 3, 2016
Portland, Oregon

Before: CLIFTON, MURGUIA, and NGUYEN, Circuit Judges.

Plaintiff-Appellant Pamela Staton appeals from the district court's judgment

dismissing her foreclosure related action for lack of subject matter jurisdiction and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

failure to state a claim upon which relief can be granted. We review de novo a dismissal for lack of subject matter jurisdiction, *Harger v. Dep't of Labor*, 569 F.3d 898, 903 (9th Cir. 2009), and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004). We affirm.

Plaintiff's claims arise out of a non-judicial foreclosure attempt that Defendants have rescinded and have committed to abandoning. We affirm the district court's dismissal of these claims as moot. A federal court's jurisdiction is limited to actual cases or controversies. U.S. Const. art. III, § 2, cl. 1; *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983). If a claim "has lost its character as a present, live controversy," it is moot. *Flint v. Dennison*, 488 F.3d 816, 823 (9th Cir. 2007). Federal courts lack jurisdiction "to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997) (internal quotation marks omitted). Because the non-judicial foreclosure has been rescinded and Defendants have certified to the court that they will not resurrect the process, any claim challenging the non-judicial foreclosure process was properly dismissed as moot.

Dismissal of these claims based on mootness does not preclude Plaintiff from bringing arguments related to her loan's securitization in the context of a judicial foreclosure, should Defendants choose to pursue one. The actual case or controversy requirement is a limit on federal courts' jurisdiction. *See Iron Arrow*, 464 U.S. at 70. A dismissal for lack of jurisdiction, which is not a judgment on the merits, should be without prejudice so that a plaintiff may reassert her claims in a competent court. *Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999); *Wages v. IRS*, 915 F.2d 1230, 1234 (9th Cir. 1990).

We affirm, however, the district court's dismissal with prejudice of Staton's claim of an invalid encumbrance under Oregon Revised Statutes sections 205.450-205.470. The statute defines an "encumbrance" as a "claim, lien, charge or liability attached to and binding property." Or. Rev. Stat. § 205.450 (1). Plaintiff claims that several documents constitute invalid claims of encumbrance, including the Deed of Trust, the assignment of the Deed of Trust, the appointment of a successor trustee, the Notice of Default and Election to Sell, and the Affidavit of Compliance with Oregon Senate Bill 628 (2009). Of these documents, only the Deed of Trust constitutes an encumbrance, as it is the only document that binds the property; the other documents did not impose a "claim, lien, charge or liability" independent of the Deed of Trust itself. Or. Rev. Stat. § 205.450(1); *Vukanovich v. Kine*, 285 P.3d

733, 737 (Or. Ct. App. 2012). Because the parties agree that the Deed of Trust is valid, and the other filings do not themselves constitute encumbrances, Staton has failed to state a claim for an invalid encumbrance under sections 205.450-205.470. "A judgment dismissing an action for failure to state a claim is a judgment on the merits," *United States v. Bechtel Corp.*, 648 F.2d 660, 663 (9th Cir. 1981), and thus, may be dismissed with prejudice.

Plaintiff also argues that the district court erred in denying her leave to amend. The district court did not abuse its discretion in denying Plaintiff an additional opportunity to amend her complaint because any further amendment would have been futile. *See Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (setting forth standard of review and explaining that "[t]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint"); *see also Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (a district court acts within its discretion to deny leave to amend when amendment would be futile).

**AFFIRMED.**