Argued and submitted June 3; reversed on cross-appeal, affirmed on appeal
September 22, 2021

INDIAN RIDGE I, LLC,
*Petitioner-Appellant*
*Cross-Respondent,*

*v.*

John LENAHAN,
*Respondent-Respondent*
*Cross-Appellant.*

Wallowa County Circuit Court
17CV20702; A172384

497 P3d 806

Pursuant to ORS 93.740, respondent Lenahan filed a notice of *lis pendens* against petitioner Indian Ridge's real property, *i.e.*, a notice of the "pendency of an action" involving the real property. The pending action referenced in the notice was a writ of review proceeding in which Lenahan was challenging the county's approval of a partition of the real property into three parcels. The circuit court declared the notice to be invalid under ORS 93.740, reasoning that Lenahan was not claiming an interest in or lien against the property in the writ of review proceeding and that the court lacked authority to determine title to, interests in, or liens against the property in the writ of review proceeding. Petitioner appeals on a different issue, and respondent cross-appeals on the notice-validity issue. *Held*: The circuit court erred in concluding that the notice was invalid. Under ORS 93.740, a notice of *lis pendens* may be filed regarding any action in which the title to or any interest in or lien upon real property is involved, affected, or brought into question. The writ of review proceeding met that standard in this case. Given the disposition of respondent's cross-appeal, the Court of Appeals did not address petitioner's appeal.

Reversed on cross-appeal; affirmed on appeal.

Thomas B. Powers, Judge.

Benjamin Boyd argued the cause for appellant-cross-respondent. Also on the briefs were D. Zachary Hostetter and Hostetter Law Group, LLP.

R. Daniel Lindahl argued the cause for respondent-cross-appellant. Also on the briefs was Bullivant Houser Bailey PC.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

AOYAGI, J.

Reversed on cross-appeal; affirmed on appeal.

**AOYAGI, J.**

Pursuant to ORS 93.740, respondent filed a notice of *lis pendens* against petitioner's real property, *i.e.*, a notice of the "pendency of an action" involving the real property. The circuit court declared the notice to be invalid. Respondent appeals.[1] For the following reasons, we agree with respondent that the circuit court misconstrued ORS 93.740 and that the notice was valid.

FACTS

Respondent Lenahan owns real property in Wallowa County that is used for agriculture. The property has water rights for the nearby Wallowa River. The property also benefits from two recorded easements over a neighboring property, the "Hayes property," where water conveyance mechanisms have been constructed to facilitate the transfer of water from the Wallowa River to respondent's property for irrigation purposes.

In 2014, the then-owner of the Hayes property applied to partition the approximately 150-acre existing parcel into one 146-acre parcel and two approximately 2-acre parcels. Respondent opposed the partition, concerned that development of the proposed 2-acre parcels might negatively affect his water rights. The county planning commission approved the partition, the county board of commissioners denied appeal, and the Land Use Board of Appeals (LUBA) denied review for lack of jurisdiction. On respondent's motion, LUBA transferred the matter to the Wallowa County Circuit Court, where it proceeded as a writ of review proceeding under ORS 34.010.

While the writ of review proceeding was underway, the Hayes property went into foreclosure. Anticipating that the property could be sold at auction, respondent filed a notice of *lis pendens* in Wallowa County on April 28, 2017. The notice identified the writ of review proceeding by case number, listed the parties to the proceeding as Lenahan

---

[1] As described later, both petitioner and respondent have appealed the judgment, challenging different rulings, but we do not reach the issues raised in petitioner's appeal. *See* 314 Or App at 724-25. Our discussion is therefore limited to respondent's appeal, which, technically, is the cross-appeal.

(as petitioner) and Wallowa County (as respondent), identified the Hayes property as the real property affected, and described the object of the action as "Appeal of Wallowa County's decision (Order 2015-017) to approve a tentative plat (LP#14-13) to create two two-acre parcels pursuant to Ballot Measure 49 Final Order H129386."[2]

Almost immediately, petitioner *Indian Ridge I, LLC*—which then owned the Hayes property—filed a petition under ORS 205.460 to have the notice of *lis pendens* stricken as invalid. Petitioner also sought damages under ORS 205.470.

The circuit court agreed with petitioner that respondent's notice of *lis pendens* was invalid and ordered it stricken and released. The court reasoned that the notice did not comply with ORS 93.740 because, first, Lenahan was not making any "claims against any interest or lien" in the writ of review proceeding, and second, the circuit court had no jurisdiction in the writ of review proceeding "to determine the title to, interests in, or liens against the parcels."

The circuit court then proceeded to try petitioner's damages claim under ORS 205.470. The court made findings

_____

[2] In its entirety, respondent's notice of *lis pendens* filed on April 28, 2017, stated:

"Pursuant to ORS 93.740, the undersigned states:

"1. As plaintiff/petitioner, JOHN J. LENAHAN has filed an action in the Circuit Court of WALLOWA County, State of Oregon.

"2. The defendants/respondents are WALLOWA COUNTY.

"3. The object of the action is: Appeal of Wallowa County's decision (Order 2015-017) to approve a tentative plat (LP#14-13) to create two two-acre parcels pursuant to Ballot Measure 49 Final Order H129386.

"4. The description of the real property to be affected is: Township 2 South, Range 45 East, Willamette Meridian, Section 30, former tax lot 1900 (now 1502) and section 3, tax lot 1500, excluding the eastern portion of tax lot 1900 (now 1502) and a small northern portion of tax lot 1500.

"5. The Case Number assigned to the action is: Wallowa County Circuit Court Case No. 150914615."

On May 5, 2017, respondent filed a second notice of *lis pendens* against the Hayes property—regarding a pending action for declaratory relief and quiet title, relating to respondent's easement rights, that respondent filed on May 4—but the second notice is not at issue on appeal. Our discussion pertains solely to the April 28 notice.

and, given those findings, concluded that damages were not available. In announcing its decision on damages, the court mentioned that its determination that the notice of *lis pendens* was invalid had been a "close call," and it seemed to express some uncertainty about its prior construction of the statute, stating that, at least on its face, ORS 93.740 was "broader *** than ultimately what this court found." Nonetheless, the court did not disrupt its prior determination, and it entered a general judgment for petitioner. Both parties appealed, with respondent challenging the invalidity ruling and petitioner challenging two rulings regarding the damages claim.

Meanwhile, respondent succeeded in his efforts to challenge the partition approval for the Hayes property. In the writ of review proceeding, the circuit court granted summary judgment for Lenahan,[3] reversed the county's approval of the partition application, and remanded to the county for further proceedings. After judgment was entered, the new owner of the Hayes property—that is, the entity who bought the Hayes property in foreclosure (*not* petitioner)—moved to intervene and to have the judgment set aside. The court denied both motions. In denying intervention, the court found it "compelling" that Lenahan had filed a notice of *lis pendens* in April 2017, "such that any potential new owner of the property would be aware of the pending action," and which "should have put any potential property owner on notice of the action and should have put them on notice that there was an action that needed to be defended." The court said that it did not know what more Lenahan could have done to put interested parties on notice of the proceeding. With the writ of review proceeding concluded, the county took up the matter again, ultimately vacating its approval of the partition application.[4]

---

[3] Lenahan is the respondent in this proceeding but was the petitioner in the writ of review proceeding, so we use his name where necessary to avoid confusion.

[4] We note that the timing of the two actions worked out such that respondent's notice of *lis pendens* was released in December 2017, after the conclusion of the writ of review proceeding, but it was eight months later, in August 2018, that the circuit court determined the notice of *lis pendens* to be invalid and ordered it stricken and released. Neither party suggests that that is relevant to the analysis.

ANALYSIS

The phrase *lis pendens* means "a pending suit," *Black's Law Dictionary* 1081 (rev 4th ed 1968), and "usually refers to a doctrine or rule that 'the filing of a suit concerning real property is notice to people who obtain an interest in the property after commencement of the suit that they will be bound by the outcome of the suit.'" *Hoyt v. American Traders, Inc.*, 301 Or 599, 603, 725 P2d 336 (1986) (quoting *Land Associates v. Becker*, 294 Or 308, 313-14, 656 P2d 927 (1982)).

The circumstances under which a notice of *lis pendens* may be filed in Oregon are provided in ORS 93.740, which states:

"In all suits in which *the title to or any interest in or lien upon real property is involved, affected or brought in question*, any party thereto at the commencement of the suit, or at any time during the pendency thereof, may have recorded by the county clerk or other recorder of deeds of every county in which any part of the premises lies *a notice of the pendency of the action* containing the names of the parties, the object of the suit, and the description of the real property in the county involved, affected, or brought in question, signed by the party or the attorney of the party. From the time of recording the notice, and from that time only, the pendency of the suit is notice, to purchasers and incumbrancers, of the rights and equities in the premises of the party filing the notice. The notice shall be recorded in the same book and in the same manner in which mortgages are recorded, and may be discharged in like manner as mortgages are discharged, either by such party or the attorney signing the notice."

ORS 93.740(1) (emphases added).

Meanwhile, more generally, a person whose real property is subject to an "invalid claim of encumbrance" may petition the circuit court for an order "directing the encumbrance claimant to appear at a hearing before the court and show cause why the claim of encumbrance should not be stricken and other relief provided by this section should not be granted." ORS 205.460(1). After a hearing, the court either "shall issue an order striking and releasing the claim of encumbrance," if it is determined to be invalid,

or "shall issue an order" stating "that the claim of encumbrance is valid." ORS 205.460(6). The prevailing party may be awarded attorney fees and costs. *Id*. As relevant here, a person who "knowingly file[d], or direct[ed] another to file, an invalid claim of encumbrance," also may be ordered to pay the property owner $5,000 or actual damages, whichever is greater. ORS 205.470.

Respondent has not preserved any argument that his notice of *lis pendens* did not qualify as a "claim of encumbrance," and so, for present purposes, it is undisputed that his notice was subject to ORS 205.460 and ORS 205.470.[5] The only issue is whether the circuit court erred in ruling that his notice was invalid under ORS 93.740. The validity of respondent's notice was squarely before the circuit court, and respondent's appellate arguments on that issue are essentially the same as he made to the circuit court. We disagree with petitioner that respondent needed to object *after* the circuit court ruled, or move for a new trial, to preserve his claim of error for appeal. We turn to the merits.

The validity of a notice of *lis pendens* presents an issue of statutory construction, specifically whether the notice conforms to the requirements of ORS 93.740. *Vukanovich v. Kine*, 251 Or App 807, 815, 285 P3d 733 (2012), *rev den*, 353 Or 203 (2013). Statutory construction is a question of law.[6] *State v. Thompson*, 328 Or 248, 257, 971 P2d 879, *cert den*, 527 US 1042 (1999). "To discern the meaning of the statute most likely intended by the legislature that enacted it, we examine the text and context of the statute and, where appropriate, legislative history and pertinent canons of

---

[5] Respondent suggests for the first time on appeal, in an argument made only briefly in passing, that not every notice of *lis pendens* filed under ORS 93.740 necessarily involves a "claim of encumbrance" as that term is used in ORS 205.450 to 205.470. In response, petitioner asserts that that argument is foreclosed by *Vukanovich v. Kine*, 251 Or App 807, 812-14, 285 P3d 733 (2012), *rev den*, 353 Or 203 (2013). Although we do not view *Vukanovich* as quite so definitive as petitioner views it, respondent's argument is not preserved (or developed), and so we do not address it.

[6] Petitioner suggests that the circuit court found as fact that respondent lacked an "actual interest" in the Hayes property and that such "finding" binds us on appeal. We do not read the court's ruling as containing factual findings regarding respondent's "interest" in the property. Rather, we understand the court's ruling to turn on its construction of ORS 93.740, including the word "interest," which it then applied to undisputed facts.

construction." *Dowell v. Oregon Mutual Ins. Co.*, 361 Or 62, 67, 388 P3d 1050 (2017). The text "is the starting point for interpretation and is the best evidence of the legislature's intent." *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993); *see also State v. Gaines*, 346 Or 160, 171, 206 P3d 1042 (2009) (discussing primacy of text and context). Here, the parties have not identified any useful legislative history—*see Hoyt*, 301 Or at 604 (noting the limited legislative history for ORS 93.740, which was enacted in 1909)—and, in any event, the text in context is dispositive.

The parties' disagreement centers on whether the writ of review proceeding was a suit "in which the title to or any interest in or lien upon real property [was] involved, affected, or brought in question." ORS 93.740. Petitioner tries somewhat to dissuade us from focusing on that statutory language, describing it as a "lonely phrase." However, that is the opening language of ORS 93.740(1), it is the portion of the statute that directly addresses when a notice of *lis pendens* may be filed, and it is fundamentally the statutory language that is in dispute. Context may affect our construction of the phrase, but that is the phrase that we must construe.

It is uncontested that the writ of review proceeding was a "suit" and that respondent was a party to that suit. *See Doughty v. Birkholtz*, 156 Or App 89, 94, 964 P2d 1108 (1998) ("In the context of ORS 93.740 and in common parlance, the term 'suit' refers to an action or process in court." (Internal quotation marks omitted.)). As for the nature of the suit, respondent contends that it involved two "interests"— the property owner's partition rights regarding the Hayes property, and respondent's easement rights as to the Hayes property. Petitioner disagrees, maintaining that the circuit court was correct to construe ORS 93.740 more narrowly, as permitting the filing of a notice of *lis pendens* only when a party is making a claim against real property and the court will adjudicate that claim, which was not the case with the writ of review proceeding.

We agree with respondent that the writ of review proceeding "involved" an "interest" in real property.[7] It

---

[7] Because "involved" is dispositive, we need not consider whether the writ of review proceeding also "affected" respondent's or the owner's property interests.

involved both respondent's own interest as an easement holder, albeit somewhat indirectly, and the property owner's interest as the owner and intended partitioner. The word "involve" does not set a particularly high bar. The common meaning of "involve," as relevant here, is "to draw in as a participant," such as "he got *involved* in a lawsuit." *Webster's Third New Int'l Dictionary* 1191 (unabridged ed 2002) (italics in original); *see also PGE*, 317 Or at 611 (stating that, absent reason to believe otherwise, we presume that the legislature intended words of common usage to have their plain and ordinary meaning). The phrase "is involved, affected, or brought in question" is more much expansive in nature than, for example, "is disputed" would be.

It is apparent to us that the writ of review proceedings "involved" respondent's and the property owner's interests in the Hayes property. Or, to put it the opposite way to help illuminate the point, it is difficult to see how we could say that the writ of review proceeding did *not* involve respondent's or the property owner's interests in the Hayes property. Narrowly construing "involved" would be inconsistent with its common meaning. Moreover, the statute itself uses the "involved, affected, or brought in question" standard somewhat loosely, which, at least here, suggests a less restrictive intent. ORS 93.740 begins with a long sentence that initially describes "the title to or any interest in or lien upon real property" as what needs to be "involved, affected or brought in question" by the pending action, but then, in describing what the notice should contain, refers to the "real property" that is "involved, affected, or brought in question." Certainly, the Hayes property was involved or affected by the writ of review proceeding.

In so concluding, we recognize that there is some potential tension in the statute, insofar as it begins with broad language as to when a notice of *lis pendens* may be filed, but, later, in discussing claim priority, uses narrower language about "rights and equities." *See* ORS 93.740(1) ("From the time of recording the notice, and from that time only, the pendency of the suit is notice, to purchasers and incumbrancers, of the rights and equities in the premises of the party filing the notice."); ORS 93.740(2) ("Except as provided in subsection (3) of this section, a conveyance or

encumbrance that is not recorded in the manner provided by law before the filing of a notice of pendency that affects all or part of the same real property is void as to the person recording the notice of pendency for all rights and equities in the real property that are adjudicated in the suit.").

On the whole, however, we view the first sentence as controlling regarding when a notice of *lis pendens* may be filed, and we view the later language as addressing a particular situation that may arise—claim priority—without overriding the intentionally broad language as to when a notice of *lis pendens* may be filed in the first place. For example, *Hoyt,* 301 Or at 601, involved a party relying on *lis pendens* to establish her own claim's priority over someone else's claim, but it does not follow that the *only* purpose of *lis pendens* is to establish claim priority. As for *Vukanovich*, it involved a notice of *lis pendens* that was invalid because no real property interest was involved, affected, or brought in question by the pending lawsuit—which was limited to a dispute about *the ownership of an LLC*. 251 Or App at 816 ("[Although a verdict for plaintiff on his breach-of-contract claim might affect ownership *of the LLC*, plaintiff has not explained how that kind of success could affect ownership *of the property*." (Emphases in original.)).[8]

Finally, it is important to remember that "[t]he function of *lis pendens* is to give constructive notice to one dealing with real property that is the subject of pending litigation that he does so subject to the outcome of that litigation." *Pedro v. Kipp*, 85 Or App 44, 47, 735 P2d 651, *rev den*, 303 Or 699 (1987); *see also Hoyt*, 301 Or at 603 (similar). With notice, a prospective purchaser of real property may look into the pending action and assess its significance to

---

[8] In *Vukanovich*, we separately analyzed two issues: (1) whether the plaintiff's notice of *lis pendens* was a "claim of encumbrance" for purposes of ORS 205.450 to 205.470, and (2) whether the plaintiff's notice of *lis pendens* was authorized under ORS 93.740. 251 Or App at 812-14 (first issue), 814-16 (second issue). Petitioner relies on our analysis of the *first issue* in *Vukanovich* as binding precedent regarding the scope of ORS 93.740, but petitioner reads too much into that analysis. We did discuss ORS 93.740 in general terms in the course of construing ORS 205.450 to 205.470 (the first issue in *Vukanovich*). However, it was only in our analysis of the second issue in *Vukanovich* that we had to consider the specific scope of ORS 93.740. Our holding on the second issue in *Vukanovich*—which parallels the only issue in this case—is consistent with our holding in this case.

the purchase decision, rather than learning of the pending action only after buying the property. Here, respondent filed the notice precisely because he was concerned about someone buying the Hayes property at a foreclosure auction without knowledge of the ongoing dispute regarding the approved partition of the property. And, indeed, after the property was sold at auction, the new owner tried to intervene in the writ of review proceeding and have the judgment set aside, but the trial court denied intervention because respondent's notice of *lis pendens* put the new owner on adequate notice of the action.

A writ of review proceeding may not be the type of action that comes immediately to mind when one thinks of notices of *lis pendens*. But the statute is not written so narrowly that *only* someone making a claim against the property may file a notice of *lis pendens*. Rather, it expressly permits the filing of a notice when *any* property interest is involved, affected, *or* brought in question. The situation here fits both the words of the statute and its purpose.

Accordingly, we reverse on respondent's cross-appeal. Having done so, it is unnecessary to reach petitioner's appeal, which raises two assignments of error as to petitioner's dismissed damages claim under ORS 205.470, both of which are predicated on the invalidity of respondent's notice of *lis pendens*.

Reversed on cross-appeal; affirmed on appeal.