16 November 19, 2025 No. 984

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Larry PERKETT
and Susan Perkett,
*Plaintiffs-Appellants,*

*v.*

Karen Anne BURROWS,
aka Karen Morgan,
Kirsten Logan, Christopher Logan,
and Evergreen Moneysource Mortgage Company,
*Defendants-Respondents.*

Jackson County Circuit Court
17CV24682; A180054

Benjamin M. Bloom, Judge.

Argued and submitted January 14, 2025.

Erik J. Glatte argued the cause for appellants. Also on the briefs was Jarvis, Glatte, Larsen & Bunick, LLP.

Katie Jo Johnson argued the cause for respondents Kirsten Logan, Christopher Logan, and Evergreen Moneysource Mortgage Company. Also on the brief were McEwen Gisvold, LLP; and Jeanne Kallage Sinnott and Wildwood Law Group, LLC.

No appearance for respondent Karen Anne Burrows.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

This is a civil appeal in which plaintiffs seek the forced sale of a property previously owned by a former neighbor, Morgan, in order to pay off a debt that Morgan owes to them. Plaintiffs filed a motion titled, "Motion to Have Residential Property Sold on Execution" in order to satisfy two supplemental attorney fee judgments against Morgan, the judgment debtor. The trial court denied that motion, concluding that, because Morgan no longer owned the property at the time the supplemental fee judgments were entered, plaintiffs were not entitled to recover those supplemental judgments by force selling the property. In their only assignment of error, plaintiffs contend that the trial court erred by ignoring the legal effect of the Notice of Pendency of an Action (*lis pendens* notice), ORS 93.740, that was filed at the beginning of their litigation against Morgan. Because the effect of a *lis pendens* notice is to protect a property interest at stake, and the notice does not provide a mechanism for imposing liens on property for monetary obligations, we affirm.

The facts are undisputed. Plaintiffs filed an action against their neighbor, Morgan, for a declaratory judgment and injunctive relief related to an easement dispute between their properties. The easement agreement between plaintiffs and Morgan contained a provision that the prevailing party "should be entitled to recover" attorney fees from the losing party. The easement dispute resulted in a general judgment awarding damages to plaintiffs from Morgan as the judgment debtor and attached a judgment lien to Morgan's property. The general judgment also provided that plaintiffs may apply for an award of attorney fees and costs under ORCP 68.

After the lawsuit was filed, plaintiffs also properly filed a notice of *lis pendens*, ORS 93.740, which, as further explained below, provides notice to prospective buyers that the property has pending litigation and may be encumbered as a result of the litigation. The *lis pendens* notice described the relief sought in the easement dispute with regard to plaintiffs' interest in the real property. The *lis pendens* did not reference either the attorney fee provision in the

easement agreement or that plaintiffs would seek attorney fees.[1]

Plaintiffs next filed an ORCP 68 petition for attorney fees. While that petition was under advisement, Morgan sold the property to the Logans (buyers). Buyers ran a title check using a third-party company, but, for some reason, the title company failed to discover the *lis pendens* or the judgment lien against the property. A few months after buyers purchased the property, two supplemental fee judgments were entered against Morgan.

In an attempt to satisfy the general judgment award and the supplemental fee judgments, plaintiffs filed a motion to have the property sold pursuant to ORS 18.906 (allowing a judgment creditor to "file a motion with a court requesting an order authorizing the sheriff to sell residential property"). Before a hearing on that motion, the general judgment award was satisfied, but the two supplemental judgments that awarded attorney fees were not.

At the hearing on the execution sale motion, plaintiffs argued that the *lis pendens* operated as a lien and put buyers on notice that any prospective owners were subject to the easement litigation's outcome, which necessarily included the supplemental fee judgments. Buyers contended that because the judgment debtor (Morgan) no longer owned the property, the supplemental fee judgments did not attach to the property. *See* ORS 18.150(2)(a) (providing that "[w]hen the judgment is entered, the judgment lien attaches to all real property of the judgment debtor in the county at that

---

[1] The *lis pendens* filed by plaintiffs provided:

"[Judgment debtor's] property is burdened by an easement for ingress and egress. This action asks the Court to declare that the gates, no trespassing and private property signs erected by [judgment debtor], unreasonably interferes with [plaintiffs'] use of their easements rights for residential and business purposes and that [judgment debtor] be permanently enjoined from otherwise interfering with the easement rights. In addition, the [plaintiffs] request a declaration that [judgment debtor] be restrained and prohibited from intentionally damaging the easement. The action asks the Court to also declare that [judgment debtor] be required to permanently remove all signage that is directed to legitimate users of the easement road that proclaim that the roadway use is private or for residential use only. Further, the action asks the Court to require the [judgment debtor] cease any actions that cause damage to the easement including but not limited to spraying gravel off the driving surface."

time"). Buyers also contended that the *lis pendens* did not help plaintiffs because it only applied to a general judgment, not a supplemental one. Moreover, according to buyers, the plain text of the *lis pendens* statute indicates that it only applied to "rights and equities" in property and not future interests like money awards. *See* ORS 93.740(1) ("From the time of recording the [*lis pendens*] notice, and from that time only, the pendency of the suit is notice, to purchasers and incumbrancers, of the rights and equities in the premises of the party filing the notice."). The trial court agreed with buyers' first argument and denied plaintiffs' motion; it did not explicitly address the legal effect of the *lis pendens*.

On appeal, plaintiffs' argument focuses on the "legal effect" of the *lis pendens*. They contend that the trial court erred because, in their view, the "*lis pendens* serves as a lien" on the property, and thus, the supplemental attorney fee judgments, like the general judgment, attached to the property to make buyers responsible for paying them. Buyers contend that the trial court did not err because a *lis pendens* is not a lien and that the supplemental judgments did not attach to the property because Morgan no longer owned the property when they were entered.

We review the trial court's conclusion that the *lis pendens* did not extend to the supplemental attorney fee judgments for errors of law. *See Indian Ridge I, LLC v. Lenahan*, 314 Or App 715, 721, 497 P3d 806 (2021) (validity of *lis pendens* notice an issue of statutory construction reviewed for legal error). The question of whether the *lis pendens* notice in this case served the function that plaintiffs claim that it did is a question of statutory construction, which we resolve by looking to the statute's text, context, and any helpful legislative history. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009).

We begin with the question of whether the supplemental judgments for attorney fees, alone, amounted to a judgment lien on defendant's property. We conclude that they did not. A judgment lien is created if "a judgment document filed with a court administrator *** includes a money award and complies" with certain statutory requirements. ORS 18.150(1). A "judgment document" is a writing that

incorporates a court's judgment, ORS 18.005(9), and its title must indicate whether the judgment is a limited judgment, a general judgment, or—as in this case—a supplemental judgment. ORS 18.038(2). A judgment is "entered" when a court administrator notes in the register that a judgment document has been filed with the court administrator. ORS 18.075(1). When "the judgment is entered, the judgment lien attaches to all real property of the judgment debtor in the county at that time[.]" ORS 18.150(2)(a). Therefore, in this case, both the general and supplemental judgements were "judgment documents" entered in the register and would attach to all real property owned by Morgan, the judgment debtor.

When the trial court entered the general judgment against Morgan, she owned the property at issue. Because she was the judgment debtor, the general judgment attached as a lien on her property, ORS 18.150(2). Conversely, when the supplemental fee judgments were entered, Morgan—who is identified as the judgment debtor in those judgments as well—no longer owned the property. As such, those awards did not attach to the subject property as a judgment lien. *See* ORS 18.150(2)(a) (judgment lien attaches to real property owned by the debtor in the county *at the time* the judgment is entered). We can find no statutory mechanism in ORS chapter 18, nor referenced in our case law, that differentiates the process of creating a judgment lien based on the *type* of judgment it springs from (*e.g.*, general judgment or supplemental judgment) or permits a judgment lien to attach to property not owned (or bought) by the judgment debtor. Thus, the only way the supplemental judgments could have attached to buyers' property is if, somehow, the *lis pendens* notice made it so.

In making that argument, plaintiffs contend that the supplemental judgments attached to the property by virtue of the *lis pendens* because the *lis pendens* constituted a lien on the property. However, plaintiffs' argument that a *lis pendens* is independently enforceable as a lien—or functioned as a lien in this case—expands the scope of a *lis pendens* beyond its limits and conflates two distinct property concepts, a *lis pendens* and judgment lien. As discussed

in greater detail below, a judgment lien, on the one hand, "secures a personal obligation" by attaching to the title of a debtor's property, allowing the lienholder to execute if the debt is not fulfilled (among other benefits). *Petix v. Gillingham*, 325 Or App 157, 166-68, 528 P3d 1152, *rev den*, 371 Or 333 (2023). A *lis pendens* notice, on the other hand, is tied to a specific real property interest in a way that a judgment lien—which exists to enforce obligations—is not.

A notice of *lis pendens* allows for a party in lawsuits involving the title to, interest in, or lien upon real property to record a notice of pendency of the action, as explained by ORS 93.740(1):

> "In all suits in which the title to or any interest in or lien upon real property is involved, affected or brought in question, any party thereto at the commencement of the suit, or at any time during the pendency thereof, may have recorded by the county clerk or other recorder of deeds of every county in which any part of the premises lies a notice of the pendency of the action containing the names of the parties, the object of the suit, and the description of the real property in the county involved, affected, or brought in question, signed by the party or the attorney of the party."

The *lis pendens* "is notice, to purchasers and incumbrancers, of the rights and equities in the premises of the party filing the notice." *Id.* The notice is recorded and discharged in the same way mortgages are recorded and discharged, either by the party filing the notice or their attorney. *Id.*

Thus, the function of *lis pendens* "is to give constructive notice to one dealing with real property that is the subject of pending litigation that he does so subject to the outcome of that litigation." *Pedro v. Kipp*, 85 Or App 44, 47, 735 P2d 651, *rev den*, 303 Or 699 (1987). "In other words, by properly recording a notice of *lis pendens*, a plaintiff who claims an interest in real property can ensure that *his or her interest in that property* will not be disturbed by certain other, subsequently recorded (or never recorded) claims to the same property, so long as the plaintiff ultimately prevails in the litigation." *Vukanovich v. Kine*, 251 Or App 807, 813, 285 P3d 733 (2012), *rev den*, 353 Or 203 (2013) (emphasis added). Because a notice of *lis pendens* is recorded and discharged in

the same manner as mortgages, ORS 93.740(1), it appears in a title search of a property, thus allowing it to serve as constructive notice to buyers. *See Land Associates v. Becker*, 294 Or 308, 656 P2d 927 (1982) (referring to the common-law doctrine of *lis pendens* as "a necessary doctrine; without it every change of ownership or lesser interest in real property would require a modification of the suit and would require continual checking of the records to be sure that someone else had not obtained property rights in the property in question"); *In re Springer Constr. LLC*, 22-31974-DWH7, 2023 WL 4714888, at *7 (Bankr D Or July 24, 2023) ("[T]he [*lis pendens*] recording affects only the rights of the plaintiff by preventing any purchaser from obtaining an interest in the property without record notice of the interest of the plaintiff.").[2]

The legislative history of ORS 93.740 is sparse. *See Hoyt v. American Traders, Inc.*, 301 Or 599, 604, 725 P2d 336 (1986) (explaining history). In 1909, the legislature enacted Oregon Laws 1909, chapter 93, section 1 (now ORS 93.740), with language that has remained relatively unchanged since enactment. The 1909 Senate and House Journals, which contain the only legislative history for the provision, do not reveal the provision's source. *Id.*

However, the history of enactment of *lis pendens* statutes, more broadly, is instructive. Under the common-law doctrine of *lis pendens*, the pendency of a suit alone served as constructive notice to purchasers of potential encumbrances. In comparison to recorded deeds, however, "pending lawsuits involving title to specific real property were hard to research." Richard P. Limburg, Esq., *Pennsylvania Appellate Court Stands Against Treating Lis Pendens As If It Were A Preliminary Injunction*, 48 Real Est L J 108, 116 (2019) (explaining history). Sellers of real property, too, suffered under the common-law regime, as the lawsuit served as an encumbrance that "impaired the marketability of real

---

[2]  In fact, we have previously *declined* to define a *lis pendens* notice as a lien. *Vukanovich*, 251 Or App at 814. In *Vukanovich*, the parties disputed whether a *lis pendens* notice met the statutory requirements of an "encumbrance" under ORS 205.450(1). That statute defines an encumbrance as "a claim, lien, charge or liability attached to and binding property." We reasoned that the "notice of a *lis pendens* is an encumbrance * * * because it is a claim or charge that attaches to and binds real property." *Id.* In doing so, we refused to conclude that the notice fell under the other statutory categories of "encumbrance," *i.e.*, a lien (or liability).

property," but most buyers would only be aware that the property was encumbered, not what the lawsuit was about. *In re Sakow*, 97 NY2d 436, 440, 767 NE2d 666, 669 (2002).

Eventually, states became concerned with the harsh effects of the common-law doctrine and enacted *lis pendens* notice statutes, like ORS 93.740, to ameliorate those effects:

> "In light of this troubling restraint on alienation of real property, the common-law *lis pendens* doctrine was replaced in most states by statutes requiring the filing of a notice of pendency before a would-be purchaser or encumbrancer would be charged with notice of the prior interest. This substantially reduced the harshness of the common-law rule because the notice of pendency was filed with the records pertaining to the real property itself, and third persons were charged with knowledge only of what appeared in those records."

*Id.* at 440-41 (internal citation and quotation marks omitted; italics added). Those statutes allowed buyers to clearly see the interest at issue, removed a "troubling restraint" on the ability to sell property, and put would-be buyers on notice based on easily searchable records. To the extent that the history of *lis pendens* statutes supports a legislative intent of ameliorating harsh effects, keeping people in their homes, and removing barriers to selling real property, it does not support plaintiffs' position.

The importance and necessity of a *lis pendens* notice is illustrated in this case. The general judgment adjudicated the rights of plaintiffs' easement: Plaintiffs are permitted to utilize an access road to facilitate their "auto sales, repair, and salvage business," and the "access gates along the easement shall remain unlocked and physically open \*\*\* from 9:00 A.M. to 6:00 P.M." Buyers, even though the title company missed the *lis pendens*, are bound to adhere to that right of easement because of the *lis pendens*; it provided constructive notice to buyers that they are taking the property subject to the outcome of the easement dispute. *See Indian Ridge I*, 314 Or App at 724-25 (notice of *lis pendens* filed in case successfully opposing partition of property prevented the new owners, who bought subject property at foreclosure auction, from intervening and having partition judgment

set aside); *Pedro*, 85 Or App at 47 (explaining that the filing of a *lis pendens* provides "constructive notice to one dealing with real property that is the subject of pending litigation that he does so subject to the outcome of that litigation"); *see also Ziello v. Superior Court*, 36 Cal App 4th 321, 332, 42 Cal Rptr 2d 251, 257 (1995) (notice of *lis pendens* properly expunged when "[t]he only portion of th[e] case which affected the title to property" was resolved, leaving only contract claims). Or, put differently, plaintiffs' rights and interest *in the subject property* (*i.e.*, their easement) relate back to the time of filing the *lis pendens* notice. *See Mira Overseas Consulting Ltd. v. Muse Family Enterprises, Ltd.*, 237 Cal App 4th 378, 386, 187 Cal Rptr 3d 858, 864 (2015) ("[B]ecause [plaintiffs] indisputably had the right to record a *lis pendens* with respect to their fraudulent transfer claim, their rights and interest in the property *** relate back to the date they recorded their *lis pendens*.").

On the other hand, buyers' interest in the property was not subject to the supplemental judgments awarding attorney fees, because those attorney fees were not real property interests at all, nor had the judgments attached as liens by the time buyers purchased the property. Expanding a *lis pendens* to usurp the role of a judgment lien has no basis in the statutory text or case law. A *lis pendens* notice's role is to protect an interest in land, not to allow for the collection of future attorney fee awards. The notice means only that a purchaser of a property takes the property subject to the results of the litigation about the property interest at stake. It does not provide a mechanism for, in effect, imposing liens on property for monetary obligations. Accordingly, the trial court did not err in "ignoring" the legal effect of the *lis pendens* because the supplemental fee judgments never became liens on defendant's property.[3]

Affirmed.

---

[3] Our decision that plaintiffs may not recover the supplemental fee judgment through forcing the sale of the subject property does not foreclose plaintiffs from recovering those fees through other legal avenues.